Hart, J.
 

 The first question raised by the plaintiff is whether, in the trial on appeal of a workman’s compensation claim wherein the claimant has already been awarded the full amounts fixed by statute for all disability short of permanent and total disability, it is proper to submit to the jury the question of permanency and totality of the claimant’s disability.-
 

 Plaintiff claims that the sole question for the jury is whether the claimant is entitled to further participate in the fund, and that the extent of the disability is to he determined solely by the commission. In other words, the plaintiff claims that when the commission has denied jurisdiction, a favorable finding for the claimant on appeal simply restores to the commission its broad continuing- jurisdiction, enabling it to order further compensation to be paid in the manner provided by the compensation law.
 

 
 *512
 
 At this point, it should be noted that an amendment to Section 1465-90, General Code (117 Ohio Laws, 86), which now authorizes an appeal from the denial of a claim by the commission on the ground that the claimant “is not permanently and totally disabled as a result of the injury” applies only to those claims arising after July 3,1937, the effective date of the amendment, and does not affect the instant case.
 

 The Court of Appeals, two judges concurring, adopted the view of the plaintiff and held that all the plaintiff had to prove was that after the date of the last payment made to the claimant, he was still disabled as a result of the injury, leaving the extent of his disability to the sole determination of the Industrial Commission. This court concurs in this view, which is in harmony with its former holdings.
 
 Parletto
 
 v.
 
 Industrial Commission,
 
 140 Ohio St., 12, 42 N. E. (2d), 153;
 
 State, ex rel. Kauffman,
 
 v.
 
 Industrial Commission,
 
 121 Ohio St., 472, 169 N. E., 572;
 
 Noggle
 
 v.
 
 Industrial Commission,
 
 129 Ohio St., 495, 196 N. E., 377;
 
 State, ex rel. Waller,
 
 v.
 
 Industrial Commission,
 
 142 Ohio St., 193.
 

 In the case of
 
 State, ex rel. Kauffman,
 
 v.
 
 Industrial Commission,
 
 above cited, this court held:
 

 “1. By virtue of Section 1465-90, General Code, in cases heard on appeal to a Common Pleas Court from the Industrial Commission, the jury may only find whether or not the claimant is entitled to participate in the workmen’s compensation fund, and the court may only pronounce judgment whether the claimant is entitled to participate in the workmen’s compensation fund and to be paid in the manner provided by the workmen’s compensation law.
 

 “2. A verdict and judgment so entered and certified to the Industrial Commission do not impose upon the Industrial Commission a duty to pay compensation to any particular future date or for any particular ex
 
 *513
 
 tent of disability; it becomes tbe duty of tbe commission upon receiving such certificate to recognize the verdict and judgment as awarding some disability and to proceed to inquire tbe extent of such disability.”
 

 In tbe course of tbe opinion in that case tbe court said:
 

 “In tbis case tbe writ can only be awarded if tbe judgment already referred to found that Kauffman was permanently and totally disabled. Tbe judgment speaks for itself. It only finds that Kauffman is entitled to participate in tbe fund and to be paid in the manner provided by tbe workmen’s compensation law. It is true that tbe petition in the Court of Common Pleas alleged that be was permanently and totally disabled, and tbe answer denied that allegation. Those allegations are not conclusive. Tbe policy of tbe law is expressed in Section 1465-90, General Code, and states with particularity what may be beard by the Court of Common Pleas and what tbe verdict of tbe jury may award. It also provides with equal particularity as to what tbe judgment of tbe court may order. Tbe verdict and tbe judgment in tbis case conform to tbe statute. By tbe verdict and judgment it becomes conclusive upon tbe commission that Kauffman was entitled to some compensation further than that which bad already been awarded to him by the commission. Tbe extent of tbe further disability and tbe extent of tbe further compensation could only be ascertained by tbe commission.”
 

 The plaintiff complains that the trial court erred in submitting to tbe jury, over bis objection, the issue of total and permanent disability, but this was not prejudicial to him for tbe reason that be waived tbe error by tbe submission of interrogatories on that issue, which were answered by tbe jury.
 

 
 *514
 
 The Court of Appeals also found that the trial court, in charging on the subject of total and permanent disability, erred prejudicially in defining the term “permanent” as applied to plaintiff’s disability and reversed the judgment and remanded the case for a new trial for that reason.
 

 The trial court charged to the effect that “permanent” as applied to disability “means that total disability need only be for an indefinite and indeterminate period and need not be of life long duration.” The Court of Appeals held that this charge was “indefinite, and incomplete, in failing to include some instruction indicating that circumstances justifying a reasonable inference as to continuance for an extended period of time, attended with probabilities of lifetime duration, should have been included.”
 

 This court cannot say that the Court of Appeals erred in condemning the charge in the respects pointed out by it. The term “permanent” applied to disability as the subject matter of the statute is difficult to define. To meet the1 requirement of permanency as used in the statute it must appear that the disability will, with reasonable probability, continue for an indefinite period of time without any present indication of termination.
 

 In the recent case of
 
 Stuhlbarg
 
 v.
 
 Metropolitan Life Ins. Co., ante,
 
 390, this court in defining the term “permanent disability,” as used in a disability insurance policy, held that it ‘ ‘ does not mean that such disability must necessarily continue for the remainder of the life of the insured, but that it shall, with reasonable probability, continue for some indefinite period of time, without any present indication of recovery therefrom.”
 
 *515
 
 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Bell and Williams, JJ., concur.