THE STATE, EX REL. BRYANT, APPELLANT, *v.*
PINKERTON'S, INC. ET AL., APPELLEES.

[Cite as State, ex rel. Bryant, *v.* Pinkerton's, Inc. (1986),
24 Ohio St. 3d 79.]

(No. 85-392—Decided June 11, 1986.)

*Casper & Casper* and *Ronald M. Kabakoff,* for appellant.
*Vorys, Sater, Seymour & Pease, Thomas M. Taggart, Robert A. Minor* and *Bruce L. Ingram,* for appellee Pinkerton's, Inc.

*Anthony J. Celebrezze, Jr.,* attorney general, *Janet E. Jackson* and *Tyrone Yates,* for appellee Industrial Commission.

*Per Curiam.* The crux of this appeal concerns the authority of the Industrial Commission to reclassify an injury from temporary to permanent. Appellant would have this court interpret R.C. 4123.56 as requiring a minimum of two hundred weeks' payment of temporary total disability benefits before a temporary disability may be considered to have become a permanent condition.

This proposition is premised upon the following portion of R.C. 4123.56:

"After two hundred weeks of temporary total disability benefits, the claimant shall be scheduled for an examination by the industrial commission medical department for an evaluation to determine whether or not the temporary disability has become permanent. Where the employer has elected to pay compensation direct, the employer shall notify the medical section immediately after payment of two hundred weeks of temporary total disability and request that the claimant be scheduled for examination by the medical section."

In *State, ex rel. Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630 [23 O.O.3d 518], this court established that an employee is entitled to receive temporary total disability when injured and unable to work until one of the following three things occurs: (1) he has returned to work, (2) his treating physician has made a written statement that he is capable of returning to his former position of employment, or (3) the temporary disability has become permanent.

Pursuant to appellant's argument, the third condition of the *Ramirez* test is subject to that portion of R.C. 4123.56 which mandates a medical examination to determine if the injury has become permanent after the passage of two hundred weeks. Hence, once the Industrial Commission determines that a claimant is entitled to receive temporary total disability benefits under R.C. 4123.56, the commission may not reevaluate the status of claimant's injury until he has received two hundred weeks of temporary total disability benefits.

A review of the Workers' Compensation Act reveals the infirmity of this argument. R.C. Chapter 4123 contains several separate and distinct provisions pertaining to the manner in which a particular work-related disability is to be compensated. Temporary total disabilities are to be compensated pursuant to R.C. 4123.56, permanent partial disabilities under R.C. 4123.57 and permanent total disabilities under R.C. 4123.58. This statutory scheme manifests a legislative intent that a worker's disability be compensated in accordance with the designation of the condition. Appellant's proposed construction of R.C. 4123.56 would vitiate this statutory scheme by requiring two hundred weeks of temporary total benefits in cases where an injury has been ascertained to have become a permanent condition.

This court adopts the analysis of R.C. 4123.56 provided in the referee's report to the court of appeals. Therein, the two-hundred-week provision of R.C. 4123.56 was interpreted as follows:

"The two-hundred-week rule set forth in R.C. 4123.56 does not authorize the automatic payment of temporary total disability benefits for said period but merely acts as a safety valve on the indefinite payment of temporary benefits. R.C. 4123.56 requires the commission to schedule a medical examination at a time certain in the administration of a temporary total benefit claim. It does not prevent the commission from determining that a disability has become permanent pursuant to the mandate of *Ramirez* and prior to the expiration of two hundred weeks of temporary total disability payments."

In view of the findings of Drs. Owens and Steiner, and on one occasion, Dr. Budde, there exists ample evidence to support the commission's findings.

Accordingly, we hereby affirm the judgment of the court of appeals.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

DOUGLAS and WRIGHT, JJ., concur in judgment only.