VULCAN MATERIALS COMPANY, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.
STATE, EX REL. SMITH, APPELLEE, v. INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.
STATE, EX REL. SHAFFER, APPELLEE, v. H. O. CANFIELD CO. OF INDIANA, INC.; INDUSTRIAL COMMISSION OF OHIO, APPELLANT.
STATE, EX REL. BROWN, APPELLEE, v. BUCKEYE METAL & REFINING; INDUSTRIAL COMMISSION OF OHIO, APPELLANT.
STATE, EX REL. WRIGHT, APPELLEE, v. O. S. KELLY CO.; INDUSTRIAL COMMISSION OF OHIO, APPELLANT.
STATE, EX REL. CLARK, APPELLEE, v. OHIO STATE UNIVERSITY; INDUSTRIAL COMMISSION OF OHIO, APPELLANT.
STATE, EX REL. DAY, APPELLEE, v. INDUSTRIAL COMMISSION OF OHIO, APPELLANT, ET AL.

[Cite as Vulcan Materials Co. *v.* Indus. ·Comm. (1986), 25 Ohio St. 3d 31.]

(Nos. 85-938, 85-1008, 85-1160, 85-1199, 85-1200, 85-1234 and 85-1318—Decided July 9, 1986.)

*Mitchell, Allen, Catalano, Boda & Clark Co., L.P.A., Daniel K. Boda* and *William A. Catalano,* for claimants in case Nos. 85-938 and 85-1008.

*Michael J. Muldoon,* for claimants in case Nos. 85-1160, 85-1199, 85-1200 and 85-1234.

*Thompson, Meier & Dersom* and *Thomas D. Thompson,* for claimant in case No. 85-1318.

*Vorys, Sater, Seymour & Pease, Thomas M. Taggart* and *Bruce L. Ingram,* for appellant Vulcan Materials Co. in case No. 85-938, and for Buckeye Metal & Refining in case No. 85-1199.

*Stanley R. Stein* and *Donald A. Mullin,* for appellant J.C. Penney Co. in case No. 85-1008.

*Smith & Schnacke Co., L.P.A., Gary W. Auman* and *Geraldine M. Johnson,* urging reversal for *amicus curiae,* American Freight System, Inc. et al. in case No. 85-1008.

*Anthony J. Celebrezze, Jr.,* attorney general, *Janet E. Jackson* and *Michael L. Squillace,* for appellee Industrial Commission in case No. 85-938.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Merl H. Wayman,* for appellant Industrial Commission in case Nos. 85-1008, 85-1160, 85-1199, 85-1200, 85-1234 and 85-1318.

*Per Curiam.* The common gravamen of each of these consolidated actions concerns the authority of the Industrial Commission to reclassify a disability from temporary to permanent prior to the claimant's receipt of two hundred weeks of temporary total disability benefits.

This court recently addressed this identical issue in *State, ex rel. Bryant,* v. *Pinkerton's, Inc.* (1986), 24 Ohio St. 3d 79. Therein, this court specifically rejected the argument that R.C. 4123.56 mandates two hundred weeks of temporary total compensation before the commission may find an injury to have become permanent. Rather, this court interpreted the two hundred weeks' provision of R.C. 4123.56 as manifesting " 'a safety valve on the indefinite payment of temporary benefits.' " *Id.* at 83.

Accordingly, the judgments of the court of appeals in contravention of this court's finding in *Bryant, supra,* are hereby reversed.

A second issue raised in these appeals brings into question whether, in the commission's consideration of the permanency of a disability, the commission must determine whether the claimant could return to his former position of employment.

We hold that in the consideration of the permanency of a disability, the commission need not determine whether the claimant could return to his former position of employment. The commission's designation of a disability as permanent relates solely to the perceived longevity of the condition at issue. It has absolutely no bearing upon the claimant's ability to perform the tasks involved in his former position of employment. Further, in *Logsdon* v. *Indus. Comm.* (1944), 143 Ohio St. 508 [28 O.O. 429], at paragraph two of the syllabus, this court defined the term "permanent" as applied to disability under the workmen's compensation law as a condition which will, "* * * with reasonable probability, continue for an indefinite period of time without any present indication of recovery therefrom."

For the reason set forth in this opinion, we hereby reverse the court of appeals' issuance of writs of mandamus in case Nos. 85-1008, 85-1160, 85-1199, 85-1200, 85-1234 and 85-1318. In regard to the appellate court's denial of a writ of mandamus in case No. 85-938, we reverse that court's

judgment as to its interpretation of R.C. 4123.56 and remand the cause to the appellate court for further proceedings consistent with this opinion.

*Judgments reversed in case Nos. 85-1008, 85-1160, 85-1199, 85-1200, 85-1234 and 85-1318.*

*Judgment reversed and cause remanded in case No. 85-938.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.