THE STATE, EX REL. ELDRIDGE, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as State, ex rel. Eldridge, *v.* Indus. Comm. (1988), 35 Ohio St. 3d 189.]

(No. 86-1030—Decided February 24, 1988.)

Anthony J. Celebrezze, Jr., attorney general, and Michael L. Squillace, for appellant Industrial Commission.

Per Curiam. Appellant submits that the appellate court's judgment was rendered without benefit of this court's recent decision in Vulcan Materials Co. v. Indus. Comm. (1986), 25 Ohio St. 3d 31, 25 OBR 26, 494 N.E. 2d 1125. In Vulcan, this court provided some insight as to the type of evidence which is necessary to establish that an injury has become a permanent condition. The court stated at 33, 25 OBR at 27, 494 N.E. 2d at 1127:

"* * * The commission's designation of a disability as permanent relates solely to the perceived longevity of the condition at issue. It has absolutely no bearing upon the claimant's inability to perform the tasks involved in his former position of employment. * * *"

The appellate court concluded that Dr. Moyes' report did not constitute "some evidence" upon which the commission could base its finding of permanent disability. The court focused primarily upon that portion of Dr. Moyes' report which found that the claimant was "temporarily permanently [sic] unable to return to her former position of employment." The appellate court viewed this phrase as being "ambiguous" and "confusing" and held that it would be manifestly unjust for the Industrial Commission to rely on such evidence to support its finding of permanent disability.

While the appellate court's conclusion as to the reliability of the ambiguous terminology used in Dr. Moyes' report appears well-founded, a review of the commission's order demonstrates that the commission premised its finding upon a segment of Dr. Moyes' report different from that

Stewart R. Jaffy & Associates Co., L.P.A., and Thomas Sico, for appellee.

scrutinized by the appellate court. Dr. Moyes' report sets forth two distinct observations in two separate paragraphs. The first observation concerns appellee's inability to return to her former position of employment. This is where Dr. Moyes employs his ambiguous terminology. However, in the next paragraph of the report, Dr. Moyes expresses his opinion as to whether the claimant's condition had become permanent. There, Dr. Moyes indicates that the claimant had reached "maximum recovery after this period of time." This is the language which the commission quotes in support of its finding and, pursuant to this court's judgment in *Vulcan Materials Co., supra,* this statement constitutes some evidence that the claimant's condition had become permanent.

For the reasons set forth in this opinion, we find that the appellate court's decision to negate the commission's factual finding of permanent disability is not well-founded and we reverse the judgment of the appellate court.

*Judgment reversed.*

LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY and DOUGLAS, JJ., dissent.

MOYER, C.J., not participating.