THE STATE, EX REL. CASSITY, APPELLANT, *v.* MONTGOMERY COUNTY DEPARTMENT OF SANITATION ET AL., APPELLEES.

[Cite as State, ex rel. Cassity, *v.* Montgomery Cty. Dept. of Sanitation (1990), 49 Ohio St. 3d 47.]

(No. 88-1396—Submitted October 24, 1989—Decided February 21, 1990.)

*Michael J. Muldoon,* for appellant.

*Lee C. Falke,* prosecuting attorney, and *John F. Krumholtz,* for appellee Montgomery County Department of Sanitation.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Dennis L. Hufstader,* for appellee Industrial Commission.

*Per Curiam.* In the case at bar, the commission denied compensation for temporary total disability. Per *State, ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936, this decision must be supported by "some evidence." Our review reveals "some evidence" supporting the denial.

In *State, ex rel. Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630, 23 O.O. 3d 518, 433 N.E. 2d 586, we held that permanent disability precludes receipt of temporary total compensation. In February 1982, Dr. Pavlatos concluded that appellant had a "poor prognosis for any improvement." We find that this assessment comports with the definition of "permanency" set forth in *Vulcan Materials Co.* v. *Indus. Comm.* (1986), 25 Ohio St. 3d 31, 25 OBR 26, 494 N.E. 2d 1125. There is thus "some evidence" supporting denial of compensation for temporary total disability.

For the reasons set forth above, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.