THE STATE, EX REL. YOUGHIOGHENY & OHIO COAL COMPANY, APPELLEE, *v.*
KOHLER, APPELLANT.

[Cite as State, ex rel. Youghiogheny & Ohio Coal Co., *v.* Kohler (1990),
55 Ohio St. 3d 109.]

(No. 89-816—Submitted August 29, 1990—Decided December 5, 1990.)

*Hanlon, Duff & Paleudis Co.,
L.P.A.,* and *John G. Paleudis,* for appellee.

*Larrimer & Larrimer* and *David H. Swanson,* for appellant.

*Per Curiam.* Kohler first argues that a claimant's condition is not permanent when he has reached maximum medical improvement, as ruled by the court of appeals. Kohler contends that the word "medical" does not appear in the case law and that permanency, instead, results when a claimant has reached maximum *physical* improvement. We agree with the court of appeals.

Permanency relates to the perceived longevity of the condition. *Vulcan Materials Co.* v. *Indus. Comm.* (1986), 25 Ohio St. 3d 31, 25 OBR 26, 494 N.E. 2d 1125. A permanent condition is one "* * * which will, '* * * with reasonable probability, continue for an indefinite period of time without any present indication of recovery therefrom.' " *Id.* at 33, 25 OBR at 27, 494 N.E. 2d at 1127, quoting *Logsdon* v. *Indus. Comm.* (1944), 143 Ohio St. 508, 28 O.O. 429, 57 N.E. 2d 75.

In *State, ex rel. Eldridge,* v. *Indus. Comm.* (1988), 35 Ohio St. 3d 189, 519 N.E. 2d 650, we held that the phrase "maximum recovery after this period of time" constituted some evidence that the claimant's condition had become permanent. In *State, ex rel. Cassity,* v. *Montgomery Cty. Dept. of Sanitation* (1990), 49 Ohio St. 3d 47, 550 N.E. 2d 474, we held that the assessment worded "[claimant has a] poor prognosis for any improvement" comported with the *Vulcan Materials* definition of "permanency."

Accordingly, we regard the conclusions that Kohler had "* * * attained a maximal [or maximum] level of medical recovery * * *," posited by the Cunningham and Weaver reports, to satisfy *Vulcan Materials.* The doctors in effect declared that they did not foresee any improvement in Kohler's condition and that his "[condition would] * * * continue for an indefinite period of time without any present indication of recovery therefrom." We, moreover, fail to see the distinction between medical improvement and physical improvement as posited by Kohler.

Furthermore, we agree with the court of appeals' final result. All the evidence that unequivocally addressed the permanency question indicated that Kohler's condition was permanent. Thus, no evidence supports a finding that Kohler's condition was temporary, and the commission should not have awarded temporary total compensation.

However, the commission did not actually decide that Kohler's condition was temporary. Instead, it decided that his condition may be permanent but that temporary total compensation would be paid, under its policy, upon continuing submission of medical evidence and until it could decide the permanent total application. Consequently, this case falls into the sights of *State, ex rel. Eaton,* v. *Lancaster, supra.*

In *Eaton,* we invalidated this commission policy. But, recognizing the harshness to the claimant who would lack benefits due to the probable time lapse between the two findings, we directed the commission to adopt a policy to decide temporary total and permanent total questions as concurrently as possible. We also applied *Eaton* prospectively to give the commission time to resolve this problem. Apparently, the commission has done so. It has established a special docket and designated a staff hearing officer as a DHO for the temporary total question and as a deputy of the commission for the permanent total question if the permanent total question arises as to a claimant. Industrial Commission Resolution Nos. R89-1-09 and R89-1-30.

In any event, Y&O should not have terminated benefits after the court of appeals' judgment. Under R.C. 4123.56, a claimant receives temporary total benefits upon continuing submission of medical evidence and until the termination-of-payments matter is determined. The matter is not yet resolved and, since Y&O pays claimants directly, it must continue to pay Kohler.

Accordingly, we affirm the judgment of the court of appeals, and issue a limited writ returning the case to the commission for resolution under its post-*Eaton* procedures, and direct Y&O to pay currently and retroactively temporary total benefits to Kohler upon continuing submission of medical evidence and until there is a final determination on appellant's application for permanent total disability benefits.

*Judgment affirmed
and limited writ allowed.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., concurs in judgment only.