**State, ex rel. Basye,**
**v.**
**Industrial Comm'n.**
*[Cite as 8 AOA 563]*

*Case No. 90AP-94*
*Franklin County, (10th)*
*Decided December 27, 1990*

*John E. Huntley and Jeffrey L. Huntley, Mullin & Huntley, for Relator.*

*Anthony J. Celebrezze, Jr., Attorney General, Michael L. Squillace and Jetta Mencer, for Respondent, Industrial Commission of Ohio.*

YOUNG, J.

Relator, William W. Basye has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its order denying relator temporary total disability compensation and to issue an order granting said compensation, based upon the evidence which the parties have stipulated from the Industrial Commission claim file.

This matter was referred to Marie Furjanic, referee, pursuant to Civ. R. 53 and Section 13, Loc. R. 11 of the Tenth District Court of Appeals. The referee has filed her report based on findings of fact and conclusions of law and has recommended that this court issue a limited writ of mandamus ordering the Industrial Commission of Ohio to vacate its order and to enter a new order, after re-examining the evidence, stating the basis for its decision in accordance with the holding in *Vulcan Materials Co. v. Indus. Comm.* (1986), 25 Ohio St. 3d 31 and citing the evidence upon which it relied in reaching that decision. The commission has filed objec-

tions to the report and recommendation of the referee.

Relator argues that the evidence does not support a finding that he has reached maximum medical improvement, in view of the doctors' opinions that surgery would improve relator's physical condition but, because of relator's morbid fear of surgery, it is emotionally unacceptable to him.

Relator sustained an injury in the course of and arising out of his employment on September 27, 1984. His claim was originally allowed for "*** acute myofacitis [sic] thoracic" and was further allowed for "*** cervical strain, herniated cervical disc C-5 and C-6 based upon the reports of Drs. Cunningham and Brown. Temporary total disability compensation was paid to relator from September 27, 1984 until August 24, 1987, at which time the district hearing officer determined that no further temporary total disability compensation payments would be paid to relator beyond September 20, 1987, because relator had reached maximum medical recovery.

This decision was affirmed by the Columbus Regional Board of Review on January 27, 1988.

On October 18, 1988, relator's claim was additionally allowed for "[a]djustment disorder with depressed mood." However, at this hearing temporary total disability compensation payments were not considered. On November 4, 1988, relator filed a motion requesting art order or a hearing on the issue of temporary total disability compensation for the above psychiatric condition. Relator's motion was set for a hearing before a district hearing officer on January 6, 1989, whereupon the following order was placed:

"It is the finding of the Hearing Officer that this claim has been recognized for the following disabilities: Acute myofacitis [sic] thoracic, cervical strain, herniated nucleus pulposus C5-6.

"It is further the finding of the Hearing Officer that the issue to be considered at this hearing is: Claimant's Motion C-86: Payment of temporary total disability benefits based on the additional allowance of the psychiatric condition.

"After full consideration of the issue, it is the order of the Hearing Officer that temporary total compensation is denied on a basis of permanency.

"Further temporary total is not in order as the claimant's condition under his present treatment regime is permanent and from a physical standpoint alone precludes him from returning to his former position.

"The additional psychiatric condition was considered in making this finding.

"This order is based on the medical reports of: Dr. Llewellyn."

On June 14, 1989, the Columbus Regional Board of Review affirmed the January 6, 1989 report of the district hearing officer. The board based its decision on the reports of Drs. Llewellyn, Brown and Cunningham.

In *Vulcan Material Co., supra,* the Supreme Court of Ohio established the standard by which the commission must determine the permanency of an allowed condition. The court stated as follows:

"We hold that in the consideration of the permanency of a disability, the commission need not determine whether the claimant could return to his former position of employment. The commission's designation of a disability as permanent relates solely to the perceived longevity of the condition at issue. It has absolutely no bearing upon the claimant's ability to perform the tasks involved in his former position of employment. Further, in *Logsdon v. Indus. Comm.* (1944), 143 Ohio St. 508, *** at paragraph two of the syllabus, this court defined the term 'permanent' as applied to disability under the workmen's compensation law as a condition which will, '*** with reasonable probability, continue for an indefinite period of time without any present indication of recovery there-from.'" *Id.* at 33.

As previously noted, the district hearing officer's order of January 6, 1989, which denied temporary total disability compensation, was based on the medical reports of Dr. Llewellyn. Dr. Llewellyn examined relator exclusively from a physical perspective. Dr. Llewellyn did not consider relator's psychological condition in making his determination. Likewise, the reports filed by Drs. Brown and Cunningham, upon which the board relied, were issued prior to the allowance of relator's psychiatric condition and the conditions of cervical strain and herniated nucleus pulposus C5-6. Although Dr. Llewellyn did not specifically state that relator's disability would continue for an indefinite period of time without any present

indication of recovery, Dr. Llewellyn did find that relator will not improve in the absence of surgical intervention. Given relator's refusal to accept surgery, a reasonable inference is that relator has reached maximum recovery with respect to his physical condition. Accordingly, the referee correctly found that Dr. Llewellyn's opinion constitutes some evidence on the issue of the permanency of relator's physical condition.

As previously noted, relator's claim has been allowed for both physical and psychiatric conditions. However, the commission's orders contain no findings with respect to the permanency of the psychiatric condition. Although the January 6, 1988 report from the district hearing officer states that relator's psychiatric condition was considered in the decision to deny compensation on the basis of permanency, there is no medical evidence cited in the order or the orders of the board of review or the staff hearing officers with respect to the psychiatric condition. For this reason alone, the commission's orders are defective under *State, ex rel. Mitchell, v. Robbins & Myers, Inc.* (1983), 6 Ohio St. 3d 481, which requires that the commission state the evidence relied upon in their reason for its decisions.

Furthermore, it appears that the district hearing officer applied the improper legal standard in determining the permanency of relator's psychiatric condition. The district hearing officer specifically stated as follows in the January 6, 1988 report:

"Further temporary total is not in order as the claimant's condition under his present treatment regime is permanent and from a physical standpoint alone precludes him from returning to his former position."

According to *Vulcan Material Co., supra,* permanency relates solely to the perceived longevity of the condition and has no bearing upon the ability to perform the tasks of the former position of employment. The commission's decision is also defective in this respect.

Based on the foregoing, this court finds that the commission abused its discretion and this court will issue a limited writ of mandamus ordering the Industrial Commission of Ohio to vacate its order and to enter a new order, after re-examining the evidence, stating the basis for its decision in accordance with the holding in *Vulcan Material Co.,* and citing the evidence upon which it relied in reaching that decision.

*Limited writ of mandamus granted.*

BRYANT and MARTIN, J.J., concur.

MARTIN, J., of the Carroll County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.