OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.

Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Whitten, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.

NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


The State ex rel. Basluke, Appellant, v. McGraw Nursing Home;
Industrial Commission of Ohio, Appellee.
[Cite as State ex rel. Basluke v. McGraw Nursing Home
(1993),      Ohio St.3d      .]
Workers' compensation -- Review of commission's decision --
     Lack of evidence supporting denial of temporary total
     disability benefits cannot automatically translate into
     "some evidence" supporting an award of such benefits.
     (No. 92-2024 -- Submitted April 6, 1993  -- Decided June
23, 1993.)
     Appeal from the Court of Appeals for Franklin County, No.
91AP-720.
     Claimant-Appellant, Gloria Basluke, was injured in 1985 in
the course of and arising from her employment with McGraw
Nursing Home.  Her workers' compensation claim was subsequently
allowed for "acute low back syndrome with left sciatic
radiculopathy and herniated disc."  Claimant initially received
temporary total disability compensation through May 15, 1987.
Her request for further temporary total disability
compensation, however, prompted appellee, Industrial Commission
of Ohio, to order two medical examinations.  After examining
claimant on February 6, 1989, Dr. D.D. Kackley concluded in his
report that claimant could not return to her former position of
employment as a nurse's aide.  He did, however, find that she
had reached maximum medical improvement.  Dr. Jack D.
Hutchison, on the other hand, after examining claimant on June
6, 1989, reported that claimant had not maximally recovered,
but could, subject to a fifty-pound lifting restriction, return
to her old job.
     Claimant's evidence consisted of several reports from her
attending physician, Dr. Robert G. Looby.  His October 27, 1988
C84 "physician's report supplemental," based upon an
examination on that date, enumerated claimant's former job
duties and estimated that claimant could return to work on
April 27, 1989.  Under "[p]resent complaints and conditions,"
he noted: "[p]ersistent low back pain with radiation to [left]
hip & [left] leg.  Chronic lumbar disc disease.  Obesity."
However, in a June 22, 1989 letter, Dr. Looby stated:

"While I do not believe that patient is able to engage in her former employment, I do not feel that the reasons for this are due to her industrial accident but rather on factors which do not relate to that injury."

The issue of further compensation was heard by a commission district hearing officer on October 12, 1989. Based on Dr. Kackley's report, temporary total disability compensation was denied since "claimant has not proved by a preponderance of the evidence that she was temporarily and totally disabled as a result of the allowed conditions in the claim beyond 5/15/87." The Canton Regional Board of Review affirmed without giving a reason therefor. Staff hearing officers of the commission affirmed the regional board based upon Dr. Hutchison's report.

Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, claiming that the commission abused its discretion in denying temporary total disability compensation. The court of appeals, however, found that the reports of Drs. Kackley and Hutchison constituted "some evidence" supporting the commission's decision and denied the writ.

This cause is now before this court upon an appeal as of right.

Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Ronald E. Slipski and Steven L. Paulson, for appellant.
Lee I. Fisher, Attorney General, and Cordelia A. Glenn, Assistant Attorney General, for appellee.

Per Curiam. Claimant seeks an order that directs the commission to pay her temporary total disability compensation from May 16, 1987 through February 5, 1989, the date prior to Dr. Kackley's examination. The court of appeals rejected that request. For the reasons to follow, we affirm that decision.

Claimant questions the evidentiary value of the Kackley and Hutchison reports for reasons that favor their timing over their substance. The ability to return to one's former position of employment - - noted by Dr. Hutchison - - and the realization of maximum medical improvement - - cited by Dr. Kackley - - are bases on which temporary total disability compensation can be terminated. State ex rel. Ramirez v. Indus. Comm. (1982), 69 Ohio St.2d 630, 23 O.O. 3d 518, 433 N.E.2d 586; Vulcan Materials Co. v. Indus. Comm. (1986), 25 Ohio St.3d 31, 25 OBR 26, 494 N.E.2d 1125. Claimant, however, proposes that because the medical examinations on which the reports were based post-dated the period of disability alleged, the reports are not "some evidence" supporting denial of temporary total disability compensation. In this case, we must agree.

Neither report reveals when claimant's condition either maximally improved or lost its work-prohibitive character. Recognizing the difficulty in and questioning the desirability of having a physician belatedly venture such an opinion, we nonetheless find that where, as here, there is no contra indication within the reports, the date of onset of the change in condition will be deemed to be the date of examination. Applied here, the dates of maximum improvement and ability to

return to work post-date the disability period at issue. Accordingly, the Kackley and Hutchison reports are not "some evidence" supporting denial of temporary total disability compensation.

However, "a lack of evidence supporting the denial of temporary total disability benefits cannot automatically translate into 'some evidence' supporting an award of such benefits." State ex rel. Lampkins v. Dayton Malleable, Inc. (1989), 45 Ohio St.3d 14, 16-17, 542 N.E.2d 1105, 1108. In this case, the evidence that remains does not support an award. The only report that attributes claimant's inability to return to her former job to allowed conditions is Dr. Looby's October 27, 1988 C84 report. Although post-dating the period at issue, Dr. Looby's disability opinion specifically references back to the period for which compensation is sought. His June 22, 1989 letter, however, appears to repudiate that earlier opinion, leaving claimant without "some evidence" supporting the award of temporary total disability compensation.

Accordingly, the judgment of the appellate court is affirmed.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.