THE STATE EX REL. BASLUKE, APPELLANT, *v.* MCGRAW NURSING HOME; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Basluke v. McGraw Nursing Home* (1993), 66 Ohio St.3d 521.]

(No. 92–2024—Submitted April 6, 1993—Decided June 23, 1993.)

---

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Ronald E. Slipski* and *Steven L. Paulson,* for appellant.

*Lee I. Fisher,* Attorney General, and *Cordelia A. Glenn,* Assistant Attorney General, for appellee.

*Per Curiam.* Claimant seeks an order that directs the commission to pay her temporary total disability compensation from May 16, 1987 through

February 5, 1989, the date prior to Dr. Kackley's examination. The court of appeals rejected that request. For the reasons to follow, we affirm that decision.

Claimant questions the evidentiary value of the Kackley and Hutchison reports for reasons that favor their timing over their substance. The ability to return to one's former position of employment—noted by Dr. Hutchison—and the realization of maximum medical improvement—cited by Dr. Kackley—are bases on which temporary total disability compensation can be terminated. *State ex rel. Ramirez v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586; *Vulcan Materials Co. v. Indus. Comm.* (1986), 25 Ohio St.3d 31, 25 OBR 26, 494 N.E.2d 1125. Claimant, however, proposes that because the medical examinations on which the reports were based post-dated the period of disability alleged, the reports are not "some evidence" supporting denial of temporary total disability compensation. In this case, we must agree.

Neither report reveals when claimant's condition either maximally improved or lost its work-prohibitive character. Recognizing the difficulty in and questioning the desirability of having a physician belatedly venture such an opinion, we nonetheless find that where, as here, there is no contra indication within the reports, the date of onset of the change in condition will be deemed to be the date of examination. Applied here, the dates of maximum improvement and ability to return to work post-date the disability period at issue. Accordingly, the Kackley and Hutchison reports are not "some evidence" supporting denial of temporary total disability compensation.

However, "a lack of evidence supporting the denial of temporary total disability benefits cannot automatically translate into 'some evidence' supporting an award of such benefits." *State ex rel. Lampkins v. Dayton Malleable, Inc.* (1989), 45 Ohio St.3d 14, 16–17, 542 N.E.2d 1105, 1108. In this case, the evidence that remains does not support an award. The only report that attributes claimant's inability to return to her former job to allowed conditions is Dr. Looby's October 27, 1988 C84 report. Although post-dating the period at issue, Dr. Looby's disability opinion specifically references back to the period for which compensation is sought. His June 22, 1989 letter, however, appears to repudiate that earlier opinion, leaving claimant without "some evidence" supporting the award of temporary total disability compensation.

Accordingly, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.