THE STATE EX REL. SIMON, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO; CATERPILLAR INDUSTRIAL, INC., APPELLANT.

[Cite as *State ex rel. Simon v. Indus. Comm.* (1994), 71 Ohio St.3d 186.]

(No. 93–2207—Submitted October 24, 1994—Decided December 14, 1994.)

*Ben Sheerer Co., L.P.A.,* and *Paula Goodwin,* for appellee.

*David R. Cook,* for appellant.

*Per Curiam.* Two periods of compensation are at issue: February 25, 1988 through May 3, 1990, and July 17, 1990 forward. For the reasons to follow, we affirm the denial of temporary total disability compensation over the first period and affirm the appellate court's disposition of compensation for the second period.

The commission denied temporary total disability compensation from February 25, 1988 through May 3, 1990 due to claimant's lack of medical treatment during that time. Claimant responds that the lack of treatment does not necessarily equate to a lack of disability.

While a lack of treatment may not always equate to a lack of disability, it can, as here, equate to a lack of proof thereof. The commission did not abuse its discretion in rejecting Dr. Weinstein's 1988 report, since he addressed neither claimant's ability to return to his former position of employment nor the temporariness of claimant's condition. That report also noted that the only symptomatic condition at that time was a wrist injury unrelated to the claim at issue. Similarly, given our holding in *State ex rel. Case v. Indus. Comm.* (1986), 28 Ohio St.3d 383, 28 OBR 442, 504 N.E.2d 30, the commission did not abuse its discretion in declining to retroactively apply Dr. Weinstein's April 1990 supplemental report. Thus lacking any medical evidence in support, the commission properly denied temporary total disability compensation over the first period.

Our analysis turns to the commission's May 20, 1992 declaration of permanency. Our review is complicated by two factors: (1) the susceptibility of the appellate court's reasoning to different interpretations and (2) the speculative nature of Dr. House's report.

"Permanency" or "maximum medical improvement" precludes temporary total disability compensation. R.C. 4123.56(A); *State ex rel. Ramirez v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586; *Vulcan Materials Co. v. Indus. Comm.* (1986), 25 Ohio St.3d 31, 25 OBR 26, 494 N.E.2d 1125. "Maximum medical improvement" has been defined as "a treatment plateau (static or well-stabilized) at which *no fundamental functional or physiological change can be expected within reasonable medical probability* in spite of continuing medical rehabilitative procedures. A claimant may need supportive treatment to maintain this level of function." (Emphasis added.) Ohio Adm.Code 4121–3–32.

Caterpillar argues that Dr. Gross' report was "some evidence" of maximum medical improvement, and that the appellate court erred in returning the cause merely because contrary evidence—Dr. House's report—existed. We do not believe that Caterpillar's position accurately reflects the reasoning underlying the court's decision to return the cause to the commission. Caterpillar's argument is premised on the appellate court's acceptance of Gross' report as "some evidence." Such evidentiary acceptance is debatable, given the appellate court's attempt to discount that report. An equally plausible interpretation of the appellate court's reasoning is that the Gross report was not "some evidence" of permanency—given the subsequent change in claimant's medical treatment—but that a full writ was premature in light of Dr. House's speculative comments on the probability and extent of further improvement. As such, we find that the appellate court acted properly in letting the commission determine whether Dr. House's report supports or negates a finding of maximum medical improvement.

The appellate court judgment is therefore affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

WRIGHT, J., concurs in part and dissents in part.

WRIGHT, J., concurring in part and dissenting in part.

I concur in the court's reasoning and result with respect to the denial of temporary total disability benefits. I dissent to the court's affirmance of the limited writ of mandamus requiring the Industrial Commission to reconsider its finding of permanency.

The commission's determination that the relator's allowed condition became permanent after July 17, 1990 is supported by "some evidence"; therefore, that finding is not an abuse of discretion and mandamus should not lie. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936.

The record includes two reports relevant to the permanency determination, including one by Dr. Meir Gross (July 31, 1990) and another by Dr. Jay Weinstein (February 25, 1988). The record also includes what the majority describes as "the report of Dr. William C. House." That "report" is actually a letter signed primarily by a "psychology assistant" and secondarily by his "supervisor," Dr. House (November 16, 1990). Regardless of its author, the letter cannot be construed as requiring the commission to reconsider its permanency finding.

The competent evidence in the record provides sufficient support for the commission's finding that the relator's condition became permanent after July 17, 1990. The report by Dr. Weinstein considered two conditions, only one of which

was allowed. Dr. Weinstein did *not* consider whether the relator was temporarily disabled or his likelihood of recovery. The more recent report by Dr. Gross considered the question of temporary disability and expressly concluded that the relator's condition was permanent and that he had reached maximum medical improvement.

The House letter attempted to refute the findings of the Gross report. Dr. House wrote that the relator's medication had been changed after the evaluation by Dr. Gross. Dr. House found that, as a result, the relator "reported some improvement in his functioning, including less fragmented sleep, increased ability to relax, and perhaps a less depressed mood." Dr. House concluded: "I believe that further modest gains are possible. It also remains to be seen whether therapy may become more effective as he continues to benefit from the recent prescription of Sinequan. On this basis, I believe that his therapy should continue."

The majority incorrectly finds that the letter requires that the commission reevaluate its permanency determination. The letter is not even relevant to the question of whether the relator's condition had become permanent. As this court has stated numerous times, a "permanent disability" is defined as "a *condition* which will, ' * * * with reasonable probability, continue for an indefinite period of time without any present indication of recovery therefrom.'" (Emphasis added.) *Vulcan Materials Co. v. Indus. Comm.* (1986), 25 Ohio St.3d 31, 33, 25 OBR 26, 27, 494 N.E.2d 1125, 1127 (quoting *Logsdon v. Indus. Comm.* [1944], 143 Ohio St. 508, 28 O.O. 429, 57 N.E.2d 75, paragraph two of the syllabus). Consequently, in order to rebut evidence of permanency, there must be evidence of recovery from the *disability itself* (*i.e.,* the underlying condition), and *not* just improvement in the symptoms the disability creates.

The letter discusses modest improvement in the *symptoms* of the relator's depression, and does not consider the potential for improvement in the underlying *condition* of depression. The description of the relator's improvement due to the change in medication includes less fragmented sleep and an increased ability to relax. Those two problems were merely symptoms of the relator's depression. Dr. House did not consider whether the change in medication would affect the potential of recovery of the underlying condition by, for example, correcting a chemical imbalance that caused the depression. As such, his opinion is not relevant to the question of whether the condition became permanent, and therefore cannot properly form the basis for requiring the commission to reevaluate its decision.

Even if it can somehow be argued that the letter addresses the potential for improvement in the relator's condition, it still does not negate the evidence in support of the commission's decision.

First, a finding by the commission is not an abuse of discretion if it is contradicted by other evidence, so long as it is supported by some evidence. See *State ex rel. Burley v. Coil Packing, Inc., supra.* Second, the letter was not competent evidence on the issue of whether the relator's condition was temporary or permanent. Dr. House found that modest gains were *possible.* In order to be competent evidence of maximum medical improvement or lack thereof, a medical opinion must be expressed to a reasonable degree of medical probability. See *Vulcan Materials Co. v. Indus. Comm., supra; State ex rel. Matlack, Inc. v. Indus. Comm.* (1991), 73 Ohio App.3d 648, 655, 598 N.E.2d 121, 125. Finally, the fact that the relator experienced very modest improvement, including "perhaps a less depressed mood," is in itself insufficient to negate the finding that the relator had reached the treatment plateau of maximum medical improvement. That concept does not require that the patient's condition remain constant, only that it be expected, within reasonable medical probability, to continue at essentially the same level for an indefinite period. See *State ex rel. Copeland Corp. v. Indus. Comm.* (1990), 53 Ohio St.3d 238, 559 N.E.2d 1310. Consequently, the mere change of medication, without a medical opinion as to its *probable* success, is insufficient to overcome an otherwise proper finding of permanency.

Besides the wholly inadequate House letter, the court of appeals based its decision to grant a limited writ of mandamus on its perception that the commission did not "carefully" consider the evidence presented to it. The court of appeals perceived a lack of diligence because the commission, in an apparent typographical error, referred to Dr. Meir Gross as Drs. Meir and Gross. My word, what a jump!

A court's review of a commission decision is *limited* to whether the commission's determination is supported by some evidence. *State ex rel. Burley v. Coil Packing, Inc., supra.* The court of appeals improperly extended its review to include an ambiguous requirement of "carefulness." The typographical error is a patently harmless one, if that. The commission had three documents that addressed the permanency issue, and the order clearly set forth the evidence that the commission relied on in making its determination, which is all the law requires. See *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721. Because the commission's decision is supported by some evidence, it should not be disturbed because of a mere typographical error. It is for these reasons that I respectfully dissent.