THE STATE EX REL. WILLIAMS, APPELLANT, *v.* CINCINNATI COUNTRY
CLUB; INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Williams v. Cincinnati Country
Club* (1998), 83 Ohio St.3d 284.]

(No. 95–2216—Submitted June 9, 1998—Decided September 30, 1998.)

*Butkovich, Schimpf, Schimpf & Ginocchio Co., L.P.A., James A. Whittaker* and *Stephen P. Gast,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Lisa A. Sotos,* Assistant Attorney General, for appellees.

***Per Curiam.*** In *State ex rel. Miller v. Indus. Comm.* (1994), 71 Ohio St.3d 229, 232, 643 N.E.2d 113, 115–116, we held that approval of a weight-loss program was appropriate only where the "weight loss [is] geared towards improving the allowed industrial conditions, improvement must be curative and not merely palliative. * * * It is not enough that weight loss decreases pain associated with the allowed conditions; weight loss must actually improve those conditions."

*Miller* also ruled that as to TTD, "a recommended weight-reduction program may or may not be consistent with the concept of MMI." *Id.* at 235, 643 N.E.2d at 118. In this case, the commission found that approval of a weight-loss program did not preclude a finding of MMI. We uphold that decision.

Claimant argues that, under *Miller,* the commission's authorization for a weight-loss program establishes that participation was deemed curative. This, in turn, renders a declaration of MMI premature. We disagree for two reasons.

First, the commission's 1992 order preceded *Miller,* which did not issue until 1994. It cannot, therefore, be presumed that the commission intended to definitively declare participation to be curative.

Second, claimant's contention ignores the somewhat tenuous relationship between weight loss and potential improvement. Dr. Budde—on whom claimant relies—did not say that weight loss, in and of itself, would improve claimant's

back condition. He stated that weight loss would make claimant more amenable to surgery that *may* better his condition.

This adds a dual element of speculation to this case. Weight loss—even if successful—does not guarantee that claimant will proceed with surgery. A claimant cannot be forced to undergo surgery for obvious reasons relating to the risk inherent in all invasive procedures. Equally important, Dr. Budde indicated only that claimant's condition "could possibly" be helped by surgery. Accordingly, the commission did not abuse its discretion in determining that the potential for improvement was too speculative to outweigh Dr. Hanington's assessment of MMI.

Claimant's reliance on *State ex rel. Eberhardt v. Flxible Corp.* (Feb. 9, 1993), Franklin App. No. 92AP–492, unreported, 1993 WL 31647, is misplaced. *Eberhardt* held that the commission could not base MMI on a report that concluded that claimant's condition would not improve unless he underwent rehabilitation. We reasoned on appeal that the qualification on MMI was such that a permanency declaration was premature. *State ex rel. Eberhardt v. Flxible Corp.* (1994), 70 Ohio St.3d 649, 640 N.E.2d 815.

There are two distinctions between this case and *Eberhardt*. *Eberhardt* did not involve a weight-loss program, which because of the dynamics of obesity, involves unique considerations. Second, unlike *Eberhardt*, the immediacy of improvement is one step removed in this case. In *Eberhardt*, it was the rehabilitation itself that would improve claimant's condition. Here, it is not the weight loss that would improve claimant's condition; it is the surgery that weight loss would facilitate.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.