[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 284.]

THE STATE EX REL. WILLIAMS, APPELLANT, *v.* CINCINNATI COUNTRY CLUB; INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Williams v. Cincinnati Country Club*, 1998-Ohio-112.]

*Workers' compensation—Industrial Commission's denial of temporary total disability compensation not an abuse of discretion, when—Approval of a weight-loss program does not preclude a finding of maximum medical improvement.*

(No. 95-2216—Submitted June 9, 1998—Decided September 30, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD08-1159.

————————

{¶ 1} Appellant-claimant David Williams's 1978 workers' compensation claim was allowed for several low back conditions. Claimant's physical condition prior to his industrial injury is unknown. However, in March 1991, an examining physician listed claimant's height and weight at 5'5-3/4" and 285 pounds.

{¶ 2} Claimant's weight prompted attending physician Richard B. Budde to send a letter to appellee, Industrial Commission of Ohio in March 1992. That letter stated:

"This patient's low back problem is made worse by the fact that he is overweight. I believe it would be helpful to him to get into a weight reduction program and suggested to him to go to the Good Samaritan Hospital for this treatment. * * *"

{¶ 3} One month later, Dr. Kenneth R. Hanington indicated in his report that claimant "has reached maximum medical improvement, as he is not a candidate for further surgery, due to his size." In August of that year, claimant successfully moved the commission for approval of a hospital-supervised weight-loss program.

**{¶ 4}** On March 23, 1993, claimant moved the commission for temporary total disability compensation ("TTD") from August 26, 1992 and to continue, based on Dr. Budde's March 2, 1993 report. That report stated:

"The patient continues to experience disabling lower back symptoms. He does have multiple disc protrusions in the low back, particularly the last 3 discs. I believe that he could possibly be helped some time in the future by re-exploratory surgery and a fusion, but at the present time, due to his excessive weight, it would not be advisable. I believe the [*sic*] he would need to loose [*sic*] a significant amount of weight in order to benefit from any such surgery."

**{¶ 5}** A district hearing officer denied TTD on August 27, 1993, stating:

"The claimant's motion filed requesting Temporary Total Disability Compensation beginning 8-26-92 based on claimant's future acceptance and attendance in a weight loss program is denied. The District Hearing Officer does not find a substantial change in circumstances to warrant a period of Temporary Total Disability Compensation. * * *

"This order is based upon the medical report(s) of Dr. Hannington [*sic*], Dr. Budde[,] the evidence in the file and the evidence adduced at hearing."

**{¶ 6}** A staff hearing officer affirmed the DHO's order.

**{¶ 7}** Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying TTD. The court of appeals disagreed and denied the writ.

**{¶ 8}** This cause is now before this court upon an appeal as of right.

————————————

*Butkovich, Schimpf, Schimpf & Ginocchio Co., L.P.A., James A. Whittaker* and *Stephen P. Gast*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Lisa A. Sotos*, Assistant Attorney General, for appellees.

————————————

***Per Curiam.***

{¶ 9} In *State ex rel. Miller v. Indus. Comm.* (1994), 71 Ohio St.3d 229, 232, 643 N.E.2d 113, 115-116, we held that approval of a weight-loss program was appropriate only where the "weight loss [is] geared towards improving the allowed industrial conditions, improvement must be curative and not merely palliative. * * * It is not enough that weight loss decreases pain associated with the allowed conditions; weight loss must actually improve those conditions."

{¶ 10} *Miller* also ruled that as to TTD, "a recommended weight-reduction program may or may not be consistent with the concept of MMI." *Id.* at 235, 643 N.E.2d at 118. In this case, the commission found that approval of a weight-loss program did not preclude a finding of MMI. We uphold that decision.

{¶ 11} Claimant argues that, under *Miller*, the commission's authorization for a weight-loss program establishes that participation was deemed curative. This, in turn, renders a declaration of MMI premature. We disagree for two reasons.

{¶ 12} First, the commission's 1992 order preceded *Miller,* which did not issue until 1994. It cannot, therefore, be presumed that the commission intended to definitively declare participation to be curative.

{¶ 13} Second, claimant's contention ignores the somewhat tenuous relationship between weight loss and potential improvement. Dr. Budde—on whom claimant relies—did not say that weight loss, in and of itself, would improve claimant's back condition. He stated that weight loss would make claimant more amenable to surgery that *may* better his condition.

{¶ 14} This adds a dual element of speculation to this case. Weight loss—even if successful—does not guarantee that claimant will proceed with surgery. A claimant cannot be forced to undergo surgery for obvious reasons relating to the risk inherent in all invasive procedures. Equally important, Dr. Budde indicated only that claimant's condition "could possibly" be helped by surgery. Accordingly,

the commission did not abuse its discretion in determining that the potential for improvement was too speculative to outweigh Dr. Hanington's assessment of MMI.

{¶ 15} Claimant's reliance on *State ex rel. Eberhardt v. Flxible Corp.* (Feb. 9, 1993), Franklin App. No. 92AP-492, unreported, 1993 WL 31647, is misplaced. *Eberhardt* held that the commission could not base MMI on a report that concluded that claimant's condition would not improve unless he underwent rehabilitation. We reasoned on appeal that the qualification on MMI was such that a permanency declaration was premature. *State ex rel. Eberhardt v. Flxible Corp.* (1994), 70 Ohio St.3d 649, 640 N.E.2d 815.

{¶ 16} There are two distinctions between this case and *Eberhardt*. *Eberhardt* did not involve a weight-loss program, which because of the dynamics of obesity, involves unique considerations. Second, unlike *Eberhardt,* the immediacy of improvement is one step removed in this case. In *Eberhardt*, it was the rehabilitation itself that would improve claimant's condition. Here, it is not the weight loss that would improve claimant's condition; it is the surgery that weight loss would facilitate.

{¶ 17} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————