[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 218.]

THE STATE EX REL. HOUP, APPELLANT, *v.* TRANSPERSONNEL, INC.; INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Houp v. Transpersonnel, Inc.*, 1999-Ohio-158.]

*Workers' compensation—Industrial Commission's denial of temporary total disability compensation not an abuse of discretion, when—Finding of maximum medical improvement precludes award for temporary total disability compensation—Authorization of a weight-loss program does not preclude a finding of maximum medical improvement.*

(No. 97-1868—Submitted July 28, 1999—Decided August 25, 1999.)

Appeal from the Court of Appeals for Franklin County, No. 96APD07-917.

_____

{¶ 1} Appellant-claimant Ronald E. Houp's 1989 workers' compensation claim was initially recognized for "right shoulder sprain, right elbow sprain." In a 1991 report, Dr. John P. Schmitz stated that the claim "should be amended to include both upper and lower back as well as shoulder injury, brachial plexus stretch injury on the right and right carpal tunnel syndrome." The claim was eventually amended to include "right carpal tunnel syndrome, right brachial plexus stretch injury, and impingement syndrome of the right shoulder." In 1994, the claim was also allowed for "aggravation of pre-existing spondylolisthesis of the lumbar spine."

{¶ 2} In November 1994, claimant asked appellee Ohio Bureau of Workers' Compensation to authorize a weight-loss program. Five months later, claimant applied for temporary total disability compensation ("TTD"). He accompanied the motion with a February 28, 1995, C-84 physician's report supplemental from Dr. Schmitz. In it, Dr. Schmitz listed claimant's complaints/conditions simply as "back pain." An area provided for enumeration of objective and subjective findings in

support was left blank. C-84s from Dr. Allan T. Rison were also submitted. Those forms attributed claimant's TTD in part to degenerative disc disease—a nonallowed condition.

{¶ 3} A staff hearing officer of the appellee Industrial Commission of Ohio ruled on both motions:

"The denial of payment of Temporary Total Disability Compensation is based upon the 8-21-95 file review from Dr. Koppenhoefer, as well as the 12-22-94 office note from Dr. Schmitz which states that the claimant has reached a plateau and the 2-21-95 [note] which states that the claimant's condition is static.

"The claimant's C-86 motion filed 11-15-94 requesting authorization for [a] weight loss program is granted. The Staff Hearing Officer finds that the program would improve the allowed conditions in a curative rather than a pall[i]ative manner. * * * "

{¶ 4} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying TTD. The court denied the writ.

{¶ 5} This cause is now before this court upon an appeal as of right.

———————————

*Butkovich, Schimpf, Schimpf & Ginocchio Co., L.P.A., James A. Whittaker* and *Stephen P. Gast*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Cheryl J. Nester*, Assistant Attorney General, for appellees.

———————————

***Per Curiam.***

{¶ 6} Claimant contests the commission's denial of TTD. The court of appeals upheld that denial and we affirm that decision.

{¶ 7} A finding of maximum medical improvement ("MMI") precludes TTD. *State ex rel. Peabody Coal Co. v. Indus. Comm*. (1993), 66 Ohio St.3d 639,

641, 614 N.E.2d 1044, 1045; *State ex rel. Ramirez v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586; *Vulcan Materials Co. v. Indus. Comm.* (1986), 25 Ohio St.3d 31, 25 OBR 26, 494 N.E.2d 1125. Contrary to claimant's representation, commission authorization of a weight-loss program does not preclude a finding of MMI. *State ex rel. Williams v. Cincinnati Country Club* (1998), 83 Ohio St.3d 284, 699 N.E.2d 505.

**{¶ 8}** We further find that claimant has failed to sustain his burden of showing a causal relationship between his alleged inability to return to his former position of employment and his allowed conditions. C-84s from Dr. Rison attribute claimant's disability in part to a nonallowed degenerative disc disease. Dr. Schmitz — in a C-84 devoid of any subjective or objective findings — attributed the claimant's disability simply to "back pain." Given Dr. Schmitz's reference in his 1991 report to nonallowed upper back pain, the commission did not abuse its discretion in refusing to assume — as claimant wishes — that the term "back pain" necessarily referred to claimant's spondylolisthesis.

**{¶ 9}** Accordingly, the commission did not abuse its discretion in denying TTD, and the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————