THE STATE EX REL. SPURGEON, APPELLEE, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLANT.

[Cite as *State ex rel. Spurgeon v. Indus.
Comm.* (1998), 82 Ohio St.3d 583.]

(No. 95–2390—Submitted June 10, 1998—Decided August 12, 1998.)

*William P. Bringman Co., L.P.A.,* and *William Paul Bringman,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Dennis L. Hufstader,* Assistant Attorney General, for appellant.

---

***Per Curiam.*** The issue is whether claimant is entitled to TTD compensation from November 1, 1993 to April 18, 1994.

The commission argues that "[t]here was no dispute as to whether appellee had reached maximum medical improvement, so as to justify the payment of compensation until the matter could be determined at a hearing." However, this argument ignores that an issue of fact was created by virtue of Dr. Ogle's continued submission of C–84 reports after his October 23, 1992 letter. See *State ex rel. MTD Products, Inc. v. Indus. Comm.* (1996), 76 Ohio St.3d 593, 596, 669 N.E.2d 846, 849; *State ex rel. Jeep Corp. v. Indus. Comm.* (1991), 62 Ohio St.3d 64, 67, 577 N.E.2d 1095, 1098.

The commission also argues that "[e]ven assuming *arguendo,* that there was disputed evidence as to maximum medical improvement before the commission, the termination date of October 31, 1993 was proper and not an abuse of discretion." However, we recently held in *State ex rel. Russell v. Indus. Comm.* (1998), 82 Ohio St.3d 516, 696 N.E.2d 1069, at the syllabus:

"The appropriate date on which to terminate disputed temporary total disability compensation on the basis of maximum medical improvement is the date of the termination hearing, and the commission may not declare an overpayment for payments received by the claimant before that date."

Accordingly, claimant was entitled to TTD compensation until April 18, 1994, and the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., concur separately.

---

**COOK, J., concurring.** I agree that the conflicting evidence of MMI entitled Spurgeon to receive temporary total disability compensation for the period from November 1, 1993 to April 18, 1994. In accordance with my dissent in *State ex rel. Russell v. Indus. Comm.* (1998), 82 Ohio St.3d 516, 696 N.E.2d 1069, however, the right to receive is not equivalent to the right to retain. Any adjudged

overpayment may be withheld from future compensation payments pursuant to R.C. 4123.511(J).

MOYER, C.J., concurs in the foregoing concurring opinion.