[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 583.]

THE STATE EX REL. SPURGEON, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as *State ex rel. Spurgeon v. Indus. Comm*., 1998-Ohio-412.]

*Workers' compensation—Appropriate date on which to terminate disputed temporary total disability compensation on the basis of maximum medical improvement.*

(No. 95-2390—Submitted June 10, 1998—Decided August 12, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD10-1492.

_____

{¶ 1} Appellee-claimant, George Ivan Spurgeon, was receiving temporary total disability compensation ("TTD") for his allowed industrial conditions. On October 23, 1992, his attending physician, Dr. Richard B. Ogle, indicated that claimant had reached maximum medical improvement ("MMI"). Dr. Jack D. Hutchison concurred in that opinion on July 21, 1993.

{¶ 2} Notwithstanding his earlier statement, Dr. Ogle continued to document claimant's allowed conditions for TTD purposes with C-84 "physician's report supplemental" forms. In C-84 reports dated August 12, 1993, October 14, 1993, February 1, 1994, and April 26, 1994, Dr. Ogle estimated dates on which claimant would be "substantially able to return to [his] former position of employment." Dr. Ogle's August 12, 1993 C-84 certified claimant as able to return to his former job on November 1, 1993. Based on that report, TTD was paid through October 31, 1993.

{¶ 3} On November 15, 1993, the Bureau of Workers' Compensation, without hearing, informed claimant that, based on Dr. Hutchison's assessment of MMI, no further TTD would be paid. Claimant appealed to appellant, Industrial

Commission of Ohio, and a hearing before a district hearing officer was set. On April 18, 1994, a district hearing officer affirmed the bureau's order, writing:

"The finding of maximum medical improvement is based upon the medical reports of Dr. Hutchison (7/21/93). Therefore, claimant is no longer entitled to receive Temporary Total Compensation. Accordingly, Temporary Total Compensation is terminated on the date listed in the BWC order of 11/15/93."

{¶ 4} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in refusing to pay TTD up to the date of the district hearing officer's hearing. The court of appeals agreed and granted the writ.

{¶ 5} This cause is now before this court upon an appeal as of right.

_____

*William P. Bringman Co.*, *L.P.A.*, and *William Paul Bringman*, for appellee.

*Betty D. Montgomery*, Attorney General, and *Dennis L. Hufstader*, Assistant Attorney General, for appellant.

_____

***Per Curiam.***

{¶ 6} The issue is whether claimant is entitled to TTD compensation from November 1, 1993 to April 18, 1994.

{¶ 7} The commission argues that "[t]here was no dispute as to whether appellee had reached maximum medical improvement, so as to justify the payment of compensation until the matter could be determined at a hearing." However, this argument ignores that an issue of fact was created by virtue of Dr. Ogle's continued submission of C-84 reports after his October 23, 1992 letter. See *State ex rel. MTD Products, Inc. v. Indus. Comm.* (1996), 76 Ohio St.3d 593, 596, 669 N.E.2d 846, 849; *State ex rel. Jeep Corp. v. Indus. Comm.* (1991), 62 Ohio St.3d 64, 67, 577 N.E.2d 1095, 1098.

**{¶ 8}** The commission also argues that "[e]ven assuming *arguendo*, that there was disputed evidence as to maximum medical improvement before the commission, the termination date of October 31, 1993 was proper and not an abuse of discretion." However, we recently held in *State ex rel. Russell v. Indus. Comm.* (1998), 82 Ohio St.3d 516, 696 N.E.2d 1069, at the syllabus:

"The appropriate date on which to terminate disputed temporary total disability compensation on the basis of maximum medical improvement is the date of the termination hearing, and the commission may not declare an overpayment for payments received by the claimant before that date."

**{¶ 9}** Accordingly, claimant was entitled to TTD compensation until April 18, 1994, and the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., concur separately.

───────────────

**COOK, J., concurring.**

**{¶ 10}** I agree that the conflicting evidence of MMI entitled Spurgeon to receive temporary total disability compensation for the period from November 1, 1993 to April 18, 1994. In accordance with my dissent in *State ex rel. Russell v. Indus. Comm.* (1998), 82 Ohio St.3d 516, 696 N.E.2d 1069, however, the right to receive is not equivalent to the right to retain. Any adjudged overpayment may be withheld from future compensation payments pursuant to R.C. 4123.511(J).

MOYER, C.J., concurs in the foregoing concurring opinion.

───────────────