THE STATE, EX REL. JEEP CORPORATION, APPELLANT,
*v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State, ex rel. Jeep Corp., v. Indus. Comm.* (1991), 62 Ohio St.3d 64.]

(No. 90–863—Submitted May 21, 1991—Decided October 9, 1991.)

*Eastman & Smith, John T. Landwehr* and *Thomas J. Gibney,* for appellant.

*Lee I. Fisher,* Attorney General, *Michael L. Squillace* and *Teresa Oglesby McIntyre,* for appellee.

*Per Curiam.* Two questions are before us: (1) May a self-insured employer terminate temporary total disability compensation without a hearing where the claimant's attending physician indicates that the claimant's condition has become permanent? (2) Did the commission abuse its discretion in reinstating temporary total disability compensation from December 24, 1986 through May 4, 1987? Upon review, we find that both Jeep and the commission acted properly.

*State, ex rel. Ramirez, v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586, sets forth the circumstances under which temporary total disability compensation may be terminated: (1) the employee has returned to work; (2) the employee's attending physician indicates in writing that the claimant is capable of returning to his or her former position of employment; or (3) the temporary disability has become permanent. Termi-

nation of compensation by self-insured employers is discussed in former R.C. 4123.56 (138 Ohio Laws, Part I, 1893–1894):

" * * * In the case of an employer who has elected to pay compensation direct, payments shall be for a duration based upon the medical reports of the attending physician. *If the employer disputes the attending physician's report, payments may be terminated only upon application and hearing by a district hearing officer. Payment shall continue pending the determination of the matter, however payment shall not be made for such period when any employee has returned to work or when an employee's treating physician has made a written statement that the employee is capable of returning to his former position of employment.*" (Emphasis added.)

The commission claims that the emphasized language prevents a self-insured employer from terminating temporary total disability compensation without requesting a commission hearing. It further contends that temporary total disability compensation may be suspended during the pendency of the hearing only where a return to work or an ability to return to the former position of employment is indicated, and not on the basis of permanency. We disagree, after finding that the disputed language does not apply here. The language, by its terms, applies where "the employer *disputes* the attending physician's report." (Emphasis added.) No dispute existed here—Jeep fully concurred with Dr. Wassil's December 18, 1986 opinion, upon which termination was based.

Former R.C. 4123.56 makes a claimant's right to continued compensation contingent on his or her attending physician's report. The claimant has the burden of supplying medical evidence to support a temporary total disability. Absent such evidence, claimant has not established a right to continued payment, and compensation accordingly may cease. Nothing in former R.C. 4123.56 requires a self-insured employer to seek a hearing before terminating the temporary total disability compensation of a claimant *whose own doctor* does not believe that the claimant is temporarily and totally disabled.

We also find that the commission did not abuse its discretion either jurisdictionally or evidentially by reinstating compensation. As an initial matter, the commission did not lack jurisdiction to consider the issue of further compensation. Under Ohio Adm.Code 4121–3–13(A), a claimant may apply to the commission for resolution of "a dispute or disagreement between the employee * * * and the self-insuring employer as to * * * the amount and type of compensation or benefits to be paid * * *." Thus, a claimant who contests a self-insured employer's discontinuation of compensation may seek commission resolution, and compensation may ultimately be reinstated as occurred here.

The commission, moreover, may freely evaluate the evidence and is not bound by the employer's interpretation of it. While Dr. Wassil's December 18, 1986 report suggests that maximum medical recovery had been reached, his C–84 physician's report of December 16, 1986 suggests otherwise. Jeep correctly observes that nothing on the C–84 form specifically inquires into whether the allowed condition is temporary. However, the C–84 form also indicates that although the condition *presently* prevents resumption of the former position of employment, a future return is anticipated. From this, the commission could reasonably infer that in order to return to the former position of employment, the claimant's condition would have to improve. Therefore, the C–84 could be interpreted as supporting the conclusion that claimant's condition remained temporary.

So, too, with Dr. Riethmiller's report. After recommending additional testing, Dr. Riethmiller wrote:

"He [claimant] would appear to have reached maximum medical recovery, *but depending upon the results of the physical capacity evaluation, he might benefit from a course of kinesiotherapy.*" (Emphasis added.)

The emphasized language appears to qualify Dr. Riethmiller's initial impression that maximum recovery may have been reached, and may be interpreted as proposing the opposite—that further improvement could not be ruled out.

It is possible to interpret the relied-upon medical evidence as supporting either a permanent or temporary condition. Jeep found the former and the commission the latter. This difference in interpretation is not an abuse of discretion. We thus find that "some evidence" supports the commission's award of temporary total disability compensation as required by *State, ex rel. Burley, v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936.

For the reasons set forth above, the appellate court judgment is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT and RESNICK, JJ., concur.

DOUGLAS, J., concurs in judgment only.

H. BROWN, J., not participating.