AT & T TECHNOLOGIES, INC., APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *AT & T Technologies, Inc. v. Indus.
Comm.* (1993), 68 Ohio St.3d 55.]

(No. 92–1403—Submitted September 14, 1993—Decided December 22, 1993.)

*Porter, Wright, Morris & Arthur, Charles J. Kurtz III* and *Darrell Shepard,* for appellant.

*Lee I. Fisher,* Attorney General, and *Dennis L. Hufstader,* Assistant Attorney General, for appellees Industrial Commission and Bureau of Workers' Compensation.

———

FRANCIS E. SWEENEY, SR., J.   The sole issue is whether former R.C. 4123.56 mandates that where an attending physician's report supports TTD, a self-insured employer must continue payment until a district hearing officer orders that TTD be terminated.   For the following reasons, we affirm the court of appeals' holding that payment of TTD must continue until a district hearing officer orders that it be terminated.

Under former R.C. 4123.56, a self-insured employer must continue payment of TTD until one of three events occurs:  (1) the employee has returned to work;  (2) the employee's attending physician indicates that the claimant is capable of returning to his former position;  or (3) the temporary disability has become permanent.   *State ex rel. Ramirez v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586.   The statute further states that where an employer disputes the attending physician's report, payment must continue until "application and hearing by a district hearing officer."   Former R.C. 4123.56 (138 Ohio Laws, Part I, 1893–1894).

In *State ex rel. Jeep Corp. v. Indus. Comm.* (1991), 62 Ohio St.3d 64, 577 N.E.2d 1095, we held that a claimant has a right to continued payment as long as the claimant's attending physician's report supports TTD, and that a self-insured employer, under former R.C. 4123.56, is not required "to seek a hearing before terminating the temporary total disability compensation of a claimant *whose own*

*doctor* does not believe that the claimant is temporarily and totally disabled." (Emphasis *sic.*) *Id.* at 66, 577 N.E.2d at 1097.

In the present case, Wittman's attending physician, Cameron, continued to certify eligibility for TTD compensation from 1985 through May 12, 1987, by predicting that Wittman would soon be able to return to work. Thus, Cameron, the attending physician, apparently felt that Wittman's disability was still temporary. Accordingly, pursuant to R.C. 4123.56 and case law, payment of TTD was to be continued until a hearing by a district hearing officer.

Appellant argues that TTD should have been terminated as of April 3, 1985, on the date Larrick examined Wittman. However, Larrick was not his attending physician and, thus, AT & T could not stop paying TTD based on this report. This report merely served as evidence to present at the hearing before the district hearing officer.

Accordingly, we conclude that pursuant to former R.C. 4123.56, where an attending physician's report supports TTD, a self-insured employer must continue payment until a district hearing officer orders that it be terminated.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, RESNICK and PFEIFER, JJ., concur.

WRIGHT, J., dissents.

WRIGHT, J., dissenting. The majority holds that when the attending physician's report supports compensation for temporary total disability ("TTD"), the termination date for TTD benefits paid by self-insured employers is the date on which the district hearing officer orders the payments terminated. R.C. 4123.56 does not compel such a holding because the statute is silent on the issue of the termination date for TTD benefits. Moreover, under the rule adopted by the majority, the date chosen, as in the case here, will often not be supported by the evidence presented to and relied upon by the district hearing officer. We have previously held that the Industrial Commission must set forth the evidence it relies upon in reaching its conclusions. The same requirement should hold true for the termination date of TTD benefits. The evidence in this case does not support the commission's conclusion that the termination date for appellee's TTD benefits is April 23, 1987, the date of the final hearing. Accordingly, I dissent.

The statute at issue in this case sets forth the procedure a self-insured employer must follow when seeking to terminate the payment of TTD benefits. It does not answer the question of which date marks the stopping point. R.C. 4123.56 provides that when an employer who has elected to pay compensation direct disputes the attending physician's report that the claimant remains temporarily totally disabled, the employer may not unilaterally terminate TTD pay-

ments; instead, the employer may terminate TTD payments "only upon application and hearing by a district hearing officer." R.C. 4123.56. The statute simply does not speak to the issue of the termination date.

In our previous decisions we have held that the commission must state the evidence upon which it relies in reaching its conclusions. See, *e.g., State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936; *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721. The termination date for TTD benefits is a factual conclusion that, like other factual conclusions, must be based on the evidence.

There is *no* evidence in this case to support the conclusion that TTD benefits shall terminate on the date of the final hearing. The district hearing officer's termination date order was based on the report of Dr. Larrick, who examined appellee on April 3, 1985 and concluded in a report filed with the commission on April 15, 1985 that appellee had achieved "maximum medical improvement," and the report of Dr. Fallon, the commission's doctor, who examined appellee on March 3, 1987 and reached the same conclusion. This evidence supports two possible termination dates: April 3, 1985 and March 3, 1987. It does not support the date actually chosen. Because of the unfair result achieved herein and because our previous decisions do not allow the commission to reach conclusions that are not supported by the evidence, I respectfully dissent.