Pfeifer, J.
Relator argues that the bureau policy at issue lacks statutory authority and is unconstitutional. Relator presents a compelling argument that the bureau’s policy violates the Due Process Clause, Section 16, Article I, and the Equal Protection Clause, Section 2, Article I of the Ohio Constitution because it denies State Fund claimants the oral pre-termination hearing before a district hearing officer that employees of self-insured employers receive. However, when a case can be decided on other than a constitutional basis, we are bound to do so. State ex rel. Hofstetter v. Kronk (1969), 20 Ohio St.2d 117, 49 O.O.2d 440, 254 N.E.2d 15. We decide this case based upon statutory interpretation. The bureau’s “Due Process Policy and Guidelines” is not statutorily supported, and we thus grant relator’s requested writs.
R.C. 4121.39 sets forth the powers and duties of the bureau:
“The administrator of workers’ compensation shall do all of the following:
“(A) Review and process all applications for claims;
“(B) Award compensation and make payment on all noncontested claims;
“(C) Make payment on orders of the industrial commission and district and staff hearing officers as provided in section 4123.511 of the Revised Code * * *.”
The limited power R.C. 4121.39 accords the bureau is consistently reflected in the remainder of the statutory framework of Ohio’s workers’ compensation system. The bureau’s role is ministerial, not deliberative. The bureau gives way to the commission when a party contests an award, necessitating a weighing of evidence and a judgment. The bureau then makes the payments based upon the commission’s judgments.
The bureau’s duty under R.C. 4121.39(C) to “[m]ake payment on orders of the industrial commission and district and staff hearing officers” is consistent with the bureau’s other ministerial functions. That statute gives the bureau the authority to terminate TTD compensation only in uncontested situations. See R.C. 4121.39(B).
The commission order, pursuant to R.C. 4121.39(C), dictates the terms of TTD compensation. Where TTD compensation hinges on the satisfaction of certain conditions, it follows that the right to compensation ceases when those conditions are no longer met. If, for example, the order makes further TTD compensation contingent on proof of disability and no proof is forthcoming, the bureau cannot continue TTD compensation. This effectively constitutes a termination and is consistent with the limited authority of self-insured employers to terminate *508 compensation under State ex rel. Jeep Corp. v. Indus. Comm. (1991), 62 Ohio St.3d 64, 577 N.E.2d 1095.
On the other hand, the bureau must pay TTD compensation if all conditions precedent are met. Thus, if the commission order makes payment contingent on proof of disability and the claimant tenders such evidence, the bureau must continue compensation regardless of the existence of contrary evidence. Conflicting evidence turns an established entitlement to TTD compensation into a dispute over TTD compensation, and it is at that point that the bureau’s termination authority ends.
The present case involves a contested claim for TTD compensation. The bureau argues that R.C. 4123.511, read in pan materia with R.C. 4121.34, 4121.39, 4123.52, and 4123.56, demonstrates the bureau’s power to terminate contested claims. However, our reading of those statutes yields a completely different conclusion. Most important, R.C. 4123.511 deals with the initial claims process, including the receipt and investigation of a new claim for compensation or benefits. R.C. 4123.511(A). R.C. 4123.511(B) grants the bureau the authority to allow or deny claims at that level, but the bureau’s affirmative authority is limited to compensation requests that are made contemporaneously with a claimant’s initial application to have his claim allowed. R.C. 4123.511 does not give the bureau jurisdiction to terminate ongoing TTD compensation if an eligibility dispute exists. Instead, disputed compensation issues must be heard by commission hearing officers.
R.C. 4121.34, 4121.39, 4123.52, and 4123.56 are consistent with that reading of the statute. R.C. 4121.34(B)(3) gives district hearing officers original jurisdiction over all contested matters arising under R.C. Chapter 4123.
The bureau correctly notes that R.C. 4121.39(A) directs the bureau to “[r]eview and process all applications for claims.” “Review and process,” however, does not equate to “affirmatively adjudicate” all applications for claims. To so hold would empower the bureau to adjudicate every workers’ compensation issue raised, leaving the commission without purpose.
While R.C. 4123.52 bestows continuing jurisdiction on the commission and, since Am.Sub.H.B. No. 107, on the bureau administrator, the commission’s jurisdiction is of a much different character:
“The jurisdiction of the industrial commission and the authority of the administrator of workers’ compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as in its opinion is justified.” (Emphasis added.) R.C. 4123.52.
*509 While granting continuing jurisdiction to the bureau, at least in name, the General Assembly authorized only the commission to modify former findings or orders.
Finally, R.C. 4123.56(A)’s first paragraph, which deals with the substantive aspects of terminating TTD compensation, contains no reference to intervention or participation by the bureau. The bureau points to the language in the statute which states that “payment shall not be made * * * when the employee has reached the maximum medical improvement” to support its claim that it has authority to terminate TTD compensation. However, R.C. 4123.56 requires that contested TTD claims go to commission hearing and requires that compensation shall continue to be made while determination is pending, with four exceptions. R.C. 4123.56(A) reads, in relevant part:
“ * * * If the employer disputes the attending physician’s report, payments may be terminated only upon application and hearing by a district hearing officer pursuant to division (C) of section 4123.511 of the Revised Code. Payments shall continue pending the determination of the matter, however payment shall not be made for the period when any employee has returned to work, when an employee’s treating physician has made a written statement that the employee is capable of returning to his former position of employment, when work within the physical capabilities of the employee is made available by the employer or another employer, or when the employee has reached the maximum medical improvement. * * * ”
The bureau may unilaterally terminate compensation under these four exceptions to continued payment only when there is, in essence, no remaining dispute, and no facts at issue. In the first instance, a person returns to work and the necessity of compensation is over. The second exception occurs when the claimant’s oum treating doctor states that he is able to return to work. The third exception occurs when the employer or another employer gives the employee work within his physical capabilities. Since the phrase “work within the physical capabilities of the employee is made available” is used in a conclusory manner, as if that issue has already been decided, the bureau may unilaterally terminate compensation under this exception only in cases where the issue is effectively decided, i.e., where the employee offers no conflicting evidence about whether he is physically able to perform the work offered. Likewise, the fourth exception, the one relevant to this case, comes into play “when the employee has reached the maximum medical improvement.” It cannot be judged with the certainty implicit in the statute that the employee has reached that threshold until after the hearing officer has made his determination on that issue. Thus, the bureau may unilaterally terminate compensation under this exception only when there is *510 no dispute as to whether the employee has reached maximum medical improvement.
Pursuant to the bureau’s theory, R.C. 4123.56 would require the bureau to terminate TTD compensation any time that an employer submits evidence, no matter how flimsy, that challenged the existence of TTD. It is of little consolation to a claimant to have benefits belatedly reinstated should claimant’s evidence subsequently prevail. Thus, the statute can only mean that the bureau can terminate payments prior to a district hearing officer’s determination only upon the uncontested existence of one of the four disqualifying conditions.
“In order to obtain a writ of prohibition, relator must prove: (1) that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying a writ will result in injury for which no other adequate remedy exists in the ordinary course of law.” State ex rel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176, 178, 631 N.E.2d 119, 121. Crabtree seeks to discontinue the bureau’s termination policy on behalf of himself and all other claimants. Since the bureau is exercising a power for which it does not have statutory authority, and since the normal appeals process is inadequate, the relator has satisfied the requirements for a writ of prohibition, and we therefore grant the requested relief.
Crabtree also requests a writ of mandamus to compel reinstatement of his TTD compensation pending adjudication of the issue of maximum medical improvement by a commission district hearing officer. In order to be entitled to a writ of mandamus, the relator must establish that he has a clear legal right to the relief prayed for, that respondent has a clear legal duty to perform the requested act, and that the relator has no plain and adequate remedy at law. State ex rel. Seikbert v. Wilkinson (1994), 69 Ohio St.3d 489, 633 N.E.2d 1128. Since we have already determined that the bureau has a clear legal duty to reinstate Crabtree’s TTD compensation until a district hearing officer has determined the maximum medical improvement issue, and that the appeals process is inadequate, we hereby grant the writ.

Writs granted.

A.W. Sweeney, Resnick and F.E. Sweeney, JJ., concur.
Douglas, J., concurs separately.
Moyer, C.J., and Wright, J., dissent.