THE STATE EX REL. MTD PRODUCTS, INC., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE, ET AL.

[Cite as *State ex rel. MTD Products, Inc. v. Indus. Comm.* (1996), 76 Ohio St.3d 593.]

(No. 94–1909—Submitted July 24, 1996—Decided October 2, 1996.)

*David R. Cook,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for appellee.

*Thomas S. Connor,* for appellee Branko Sarac.

COOK, J.   In this appeal we must determine whether there is "some evidence" supporting the date of the DHO hearing, March 13, 1992, as the effective date of termination for Sarac's TTD benefits or whether the only evidence before the Industrial Commission mandated that TTD benefits be terminated as of January 22, 1991, the date that Sarac's attending physician first produced a letter suggesting that Sarac had reached MMI.   Because we find that there was "some evidence" before the commission supporting its conclusion, we affirm.

In *AT & T Technologies, Inc. v. Indus. Comm.* (1993), 68 Ohio St.3d 55, 623 N.E.2d 63, and *State ex rel. McGinnis v. Indus. Comm.* (1991), 58 Ohio St.3d 81, 568 N.E.2d 665, this court construed former R.C. 4123.56 as imposing not only the duty of a self-insured employer to make TTD payments to a claimant once a claim has been allowed, but also claimant's entitlement to receive such payments as compensation.   In *McGinnis* we held that former R.C. 4123.56 entitled a claimant to receive TTD up until the date of a DHO hearing despite the hearing officer having found that the claimant's allowed conditions had not prevented him from returning to his old job for well over a year before the date of the hearing. This court held that, in light of McGinnis's attending physician's continued certification of TTD, the DHO was powerless to retroactively terminate the claimant's TTD.   Likewise, in *AT & T,* we held that pursuant to former R.C. 4123.56, where an attending physician's reports support TTD, a self-insured employer who successfully challenges the attending physician's reports is not

entitled to a termination of TTD retroactive to the date MMI was diagnosed by the nonattending physician.

The pertinent portion of former R.C. 4123.56 reads:

"In the case of an employer who has elected to pay compensation direct, payments shall be for a duration based upon the medical reports of the attending physician. If the employer disputes the attending physician's report, payments may be terminated only upon application and hearing by a district hearing officer. Payments shall continue pending the determination of the matter, however payment shall not be made for such period when any employee has returned to work or when an employee's treating physician has made a written statement that the employee is capable of returning to his former position of employment." (138 Ohio Laws, Part I, 1984.)

Because payments are for a "duration based upon the medical reports of the attending physician," we have held that a self-insured employer's obligation to continue TTD payments ceases upon receipt of the attending physician's opinion that the allowed condition has become permanent. *State ex rel. Jeep Corp. v. Indus. Comm.* (1991), 62 Ohio St.3d 64, 577 N.E.2d 1095. However, where an attending physician issues contradictory reports regarding the claimant's eligibility to receive TTD, the attending physician's statement that the allowed condition has become permanent does not necessarily terminate a claimant's entitlement to TTD as of the date of that statement. See *Jeep* at 67, 577 N.E.2d at 1098. Instead, under former R.C. 4123.56, an issue of fact is created that must be resolved at the administrative level.

Here, Sarac's attending physician issued contradictory reports—the January 22, 1991 MMI letter and the C–84s dated after January 22, 1991. The commission implicitly discredited the attending physician's MMI letter and credited the C–84s. The C–84s supplied the commission with "some evidence" of the attending physician's continued certification of Sarac's eligibility to receive TTD. Accordingly, the Industrial Commission did not abuse its discretion in establishing the date of the 1992 DHO hearing as the effective date for termination of TTD.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER and STRATTON, JJ., concur.

F.E. SWEENEY, J., dissents and would reverse the judgment of the court of appeals.