THE STATE EX REL. PEPSI-COLA GENERAL BOTTLERS, INC., APPELLANT,
*v.* INDUSTRIAL COMMISSION OF OHIO; WOODBY, APPELLEE.

[Cite as *State ex rel. Pepsi–Cola Gen. Bottlers, Inc.
v. Indus. Comm.* (2000), 88 Ohio St.3d 23.]

(No. 98–924—Submitted November 2, 1999—Decided February 16, 2000.)

24

*Mentzer, Vuillemin & Mygrant, Ltd.,* and *Thomas M. McCarty,* for appellant.

*Lonal & McGonegal* and *Terrance J. McGonegal,* for appellee.

FRANCIS E. SWEENEY, SR., J. Appellant argues that Dr. Booth's assessment that Woodby had achieved maximum medical improvement was unconditional, and

thus, it should not have to pay temporary total disability compensation for the period from March 25, 1996 through May 23, 1996. For the following reasons, we reject appellant's contention and affirm the judgment of the court of appeals.

Pursuant to R.C. 4123.56, payment of temporary total disability compensation shall not be made when, *inter alia*, the employee has reached "maximum medical improvement." However, in the past we have held that a treating physician's determination of maximum medical improvement that is contingent upon further evaluation or treatment does not necessarily indicate that the physician believes the employee has reached maximum medical improvement. See *State ex rel. Eberhardt v. Flxible Corp.* (1994), 70 Ohio St.3d 649, 640 N.E.2d 815; *State ex rel. Copeland Corp. v. Indus. Comm.* (1990), 53 Ohio St.3d 238, 559 N.E.2d 1310.

In *State ex rel. Jeep Corp. v. Indus. Comm.* (1991), 62 Ohio St.3d 64, 577 N.E.2d 1095, the claimant's physician stated that although claimant appeared to have reached "maximum medical recovery," his opinion was dependent "upon the results of the physical capacity evaluation," which may have indicated that the claimant might "benefit from a course of kinesiotherapy." We determined that although the doctor opined that the claimant appeared to have reached maximum medical recovery, the other language in his report "appears to qualify Dr. Riethmiller's initial impression that maximum recovery may have been reached, and may be interpreted as proposing the opposite—that further improvement could not be ruled out." *Id.*, 62 Ohio St.3d at 67, 577 N.E.2d at 1098. Thus, we found that the commission's award of temporary total disability compensation was supported by "some evidence." *Id.*

In the instant case, although Dr. Booth stated that Woodby had reached maximum medical improvement and could "possibly be able to return to work in the very near future," he went on to state that "I would like to have a functional compacity [*sic* ] evaluation performed as soon as possible at Concord[e Therapy Group] prior to the patient returning to work." Based on this, the District Hearing Officer stated that the "maximum medical improvement found by Dr. Booth was conditional in that he had not seen the consultation report [of Dr. Dixon] and wanted a functional capacity evaluation done." Similar to the situation in *Jeep*, Dr. Booth's statement could have been properly interpreted by the Industrial Commission to indicate Dr. Booth's belief that a functional capacity evaluation would suggest whether further treatment may have been beneficial to Woodby.

Appellant argues that Dr. Booth's subsequent statement contained in his letter dated June 7, 1996, reaffirmed his opinion that Woodby had reached maximum medical improvement without qualification. However, that statement merely reiterates that Dr. Booth determined that Woodby had reached maximum medical improvement at that time. It does not clarify that his opinion of

maximum medical improvement was not contingent upon the completion of a functional capacity evaluation.

We find that the Industrial Commission's order supporting temporary total disability compensation is based on "some evidence," as set forth in *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936, syllabus. Therefore, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

DOUGLAS, RESNICK, PFEIFER and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., dissent.

---

COOK, J., dissenting. Because Dr. Booth's opinion that Woodby had reached MMI was not conditional, I respectfully dissent.

Unlike the physicians' reports in *Copeland, Jeep,* and *Eberhardt,* Dr. Booth's MMI finding in this case was not conditioned upon further evaluation and treatment; rather, his only condition—completion of a functional equivalency evaluation—related to Woodby's work limitations. Dr. Booth's notations reflect that he was already aware that Dr. Dixon reported no need for surgical intervention.

Two separate bases exist for terminating TTD compensation: (1) a claimant's ability to return to the former position of employment or to other suitable employment, and (2) a claimant reaching a level of MMI. Ohio Adm.Code 4121–3–32(B)(1). In *Vulcan Materials Co. v. Indus. Comm.* (1986), 25 Ohio St.3d 31, 33, 25 OBR 26, 27, 494 N.E.2d 1125, 1127, this court held that "in the consideration of the permanency of a disability, the commission need not determine whether the claimant could return to his former position of employment. The commission's designation of a disability as permanent relates solely to the perceived longevity of the condition at issue. It has absolutely no bearing upon the claimant's ability to perform the tasks involved in his former position of employment." Thus, Dr. Booth's conditioning Woodby's return to work on the functional capacity evaluation does not contradict his conclusion that Woodby had reached MMI. Given Dr. Booth's unequivocal opinion that claimant had reached MMI, the DHO's award of TTD for March 25, 1996 to May 23, 1996 is not supported by "some evidence." Accordingly, the Industrial Commission abused its discretion in awarding TTD compensation. I would reverse the judgment of the court of appeals.

MOYER, C.J., concurs in the foregoing dissenting opinion.