[Cite as *State ex rel. Huntington Natl. Bank v. Vogt*, 2017-Ohio-2628.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel.<br>Huntington National Bank, | : | |
| | : | |
| Relator, | : | |
| | : | |
| v. | | No. 16AP-477 |
| | : | |
| Kelly A. Vogt | | (REGULAR CALENDAR) |
| and | : | |
| Industrial Commission of Ohio, | | |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on May 2, 2017

**On brief:** *Michael Soto,* for relator.

**On brief:** *Urban Co., LPA,* and *Patrick E. Parry,* for respondent, Kelly A. Vogt.

**On brief:** *Michael DeWine,* Attorney General, and *Natalie J. Tackett,* for respondent, Industrial Commission of Ohio.

IN MANDAMUS
ON OBJECTION TO THE MAGISTRATE'S DECISION

BRUNNER, J.

{¶ 1} Relator, Huntington National Bank ("Huntington"), has filed this original action requesting this Court to issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("the commission"), to vacate the portion of its order that terminated the award to respondent, Kelly A. Vogt, of compensation for temporary total disability ("TTD") effective September 17, 2015, to find that the appropriate date of termination of

16AP-477

TTD compensation is January 5, 2015, and to declare an overpayment of all TTD compensation paid by Huntington after January 5, 2015.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate, who issued the appended decision, including findings of fact and conclusions of law, and decided that this Court should deny Huntington's request for a writ of mandamus.

{¶ 3} Huntington has filed an objection to the magistrate's decision.

{¶ 4} After a review of the magistrate's decision, an independent review of the record pursuant to Civ.R. 53, and due consideration of the objection, we overrule Huntington's objection and adopt the magistrate's decision including findings of fact and conclusions of law as our own.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 5} On December 22, 2014, Vogt received an injury in the course of and arising out of her employment as a personal banker with Huntington. Huntington, a self-insured employer, certified Vogt's claim for "head laceration," and voluntarily began paying compensation beginning December 23, 2014. Also on December 23, 2014, Vogt was first evaluated by E. Lee Foster, D.O. Dr. Foster continued to treat Vogt, noting her complaints of headaches, migraines, nausea, vomiting, light-headedness, being off balance and having trouble focusing, and he opined that she was unable to return to work.

{¶ 6} On January 8, 2015, Dr. Foster completed a C-84 supporting payment of TTD compensation, based on the head laceration, beginning January 6, 2015 and continuing. On May 5, 2015, Vogt moved for her claim to be allowed for additional conditions, again based on Dr. Foster's report. Nothing in the record indicates that Huntington disputed Dr. Foster's reports. Rather, the record shows that Huntington continued paying TTD compensation to Vogt.

{¶ 7} At Huntington's request, Vogt was examined by Lisa Kurtz, M.D., who issued a report on June 29, 2015 in which she concluded: (1) Vogt's allowed condition had reached maximum medical improvement ("MMI"); (2) the additional conditions should not be allowed; and, (3) no further treatment was warranted.

{¶ 8} Huntington cited Dr. Kurtz' report in a motion filed July 8, 2015 to terminate ongoing TTD compensation on Vogt's claim. The motion was referred to the commission on the issue of terminating TTD compensation.

{¶ 9} Vogt's motion for additional allowances was heard by a district hearing officer ("DHO") on September 17, 2015, at which time Vogt withdrew her claim for all but one additional condition and the DHO specifically disallowed that condition. The DHO also considered Huntington's motion to terminate Vogt's TTD compensation based on Dr. Kurtz' June 29, 2015 report. The DHO terminated TTD compensation effective September 17, 2015, the date of the hearing. Huntington argued that the TTD payments should be terminated retroactive to January 5, 2015, the date of Dr. Foster's office notes indicating that Vogt's head laceration had healed. The DHO rejected Huntington's argument as being inconsistent with the holding in *State ex rel. Russell v. Indus. Comm.*, 82 Ohio St.3d 516 (1998), which provides that ongoing TTD compensation benefits be terminated at hearing. The DHO stated further that the commission lacked jurisdiction to address the merits of the retroactive termination of TTD benefits because no motion had been filed requesting the commission to exercise its continuing jurisdiction on this issue.

{¶ 10} A staff hearing officer ("SHO") heard Vogt and Huntington's appeals of the DHO's order. The SHO vacated the DHO's order but specifically disallowed Vogt's claim for an additional allowance, denied her request for continued treatment, terminated her TTD compensation effective September 17, 2015, and again rejected Huntington's argument that the ongoing TTD compensation should be terminated as of January 5, 2015. The SHO noted that Huntington had continued to pay TTD compensation, and further, Huntington's motion to terminate the ongoing TTD compensation had been referred to the commission. Relying on R.C. 4123.56, Industrial Commission Resolution R98-1-04, and *Russell*, the SHO found that September 17, 2015, the date of the DHO hearing, was the appropriate termination date of the ongoing TTD compensation.

{¶ 11} Further appeals by Vogt and Huntington were refused by order of the commission. Huntington filed this mandamus action on June 23, 2016.

{¶ 12} The magistrate recommends in the appended decision that this Court deny Huntington's request for a writ of mandamus because it did not demonstrate that the

commission abused its discretion in terminating the ongoing payment of TTD compensation to Vogt effective September 17, 2015, the date of the DHO hearing.

## II. OBJECTION TO THE MAGISTRATE'S DECISION

{¶ 13} Huntington presents for our review one objection to the magistrate's decision:

> The Magistrate erred in finding the commission did not abuse its discretion by applying the law from *Russell* and terminating TT[D] effective 9/17/15. This finding is contrary to Ohio law concerning proof required to support TT[D].

## III. DISCUSSION

{¶ 14} To be entitled to relief in mandamus, Huntington must establish that it has a clear legal right to relief, and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967), paragraph nine of the syllabus. To do so, Huntington must demonstrate that the commission abused its discretion, and "in this context, abuse of discretion has been repeatedly defined as a showing that the commission's decision was rendered without some evidence to support it." *State ex rel. Burley v. Coil Packing, Inc.*, 31 Ohio St.3d 18, 20 (1987). Where the record contains some evidence to support the commission's findings, there has been no abuse of discretion, and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Thus, to be successful in this mandamus action, Huntington must show that the commission's decision is not supported by some evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). And questions of credibility and weight to be given evidence are clearly within the discretion of the commission as the fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 15} The magistrate's decision includes a comprehensive discussion of the statutory and case law regarding entitlement to TTD compensation, including limitations on and termination of awards of TTD compensation. The magistrate's decision references the holding of the Supreme Court of Ohio in *Russell*, reaffirming earlier decisions that once the payment of TTD compensation has begun and a claimant's entitlement to that compensation has been established, TTD compensation may not be terminated without

proper notice and a hearing. The termination date for an award of TTD compensation is the date of the hearing.

{¶ 16} The magistrate found that Vogt's entitlement to TTD compensation had been established and that Huntington voluntarily paid the TTD benefits on an ongoing basis without the commission ordering such payment. The magistrate determined that "the commission did not abuse its discretion by applying the law from *Russell* and terminating [Vogt's] TTD compensation effective September 17, 2015, the date of the hearing before the DHO." (App'x at ¶ 44.)

{¶ 17} Based on the facts and applicable law, the magistrate concluded that Huntington has not demonstrated that the commission abused its discretion, and this Court should deny the requested writ.

{¶ 18} Huntington argues that Vogt's situation never reached the point at which the *Russell* holding would have applied. Huntington contends that *Russell* is limited to situations where there is conflicting medical evidence concerning whether a claimant has reached MMI. Huntington argues that Vogt's case concerns "the lack of sufficient proof submitted by Vogt in support of payment of [TTD]," rather than conflicting medical reports concerning MMI. (Dec. 5, 2016 Huntington's Obj. to Mag. Decision at 8.) Huntington maintains that it was Vogt's burden "to submit reliable proof of [TTD] based solely on the" allowed condition, and that she was not entitled to payment of TTD absent such proof. *Id.* Huntington cites this Court's decision in *State ex rel. Walls v. Karl HC LLC*, 10th Dist. 10AP-866, 2011-Ohio-5765, to support its argument.

{¶ 19} Essentially, Huntington wants this Court to grant it a "do-over" in this matter by re-examining the validity of the ongoing TTD compensation to Vogt. But such a re-examination would necessitate the commission having exercised its continuing jurisdiction on this issue. Nothing in the record indicates that Huntington sought to invoke the commission's continuing jurisdiction to ascertain Vogt's entitlement to or to retroactively terminate TTD compensation for any reason. Consequently, this Court lacks jurisdiction to consider the issue now.

{¶ 20} We are not persuaded by Huntington's arguments, nor do we do find our holding in *Walls*, applicable to the facts here. At issue in *Walls* was whether the commission had abused its discretion in finding that the claimant's evidence did not

support a new period of TTD compensation, not ongoing payment of TTD compensation. The *Walls* court concluded the commission had not abused its discretion.

{¶ 21} We agree with the magistrate that the commission properly applied the law in this case. The *Russell* decision clearly addresses the situation before us:

> This court has unwaveringly held (1) that continuing TTD compensation may not be terminated prior to a hearing before a commission hearing officer so long as claimant's attending physician continues to certify TTD, (2) that the hearing officer may not terminate the claimant's TTD retroactive to a date prior to the date of the hearing, (3) that claimant is entitled to all compensation paid to the date of the hearing, and (4) that any eventual discounting of the attending physician's reports certifying TTD does not transform those payments into a recoupable overpayment. *State ex rel. MTD Products, Inc. v. Indus. Comm.* (1996), 76 Ohio St.3d 593, 669 N.E.2d 846; *State ex rel. Crabtree v. Ohio Bur. of Workers' Comp.* (1994), 71 Ohio St.3d 504, 644 N.E.2d 361; *AT & T Technologies, Inc. v. Indus. Comm.* (1993), 68 Ohio St.3d 55, 623 N.E.2d 63; *State ex rel. Jeep Corp. v. Indus. Comm.* (1991), 62 Ohio St.3d 64, 577 N.E.2d 1095; *State ex rel. McGinnis v. Indus. Comm.* (1991), 58 Ohio St.3d 81, 568 N.E.2d 665; *State ex rel. Youghiogheny & Ohio Coal Co. v. Kohler* (1990), 55 Ohio St.3d 109, 564 N.E.2d 76.

Russell at 519.

## IV.  CONCLUSION

{¶ 22} Upon review of the magistrate's decision, an independent review of the record, and due consideration to Huntington's objection, we find the magistrate has properly stated the salient facts and applied the appropriate law. Therefore, we overrule Huntington's objection to the magistrate's decision and adopt the decision as our own, including the findings of facts and conclusions of law therein. In accordance with the magistrate's decision, the requested writ of mandamus is denied.

*Objection overruled;*
*writ of mandamus denied.*

**KLATT and SADLER, JJ., concur.**

———————————

16AP-477

<u>APPENDIX</u>

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel.<br>Huntington National Bank, | : | |
| | : | |
| Relator, | : | |
| | : | |
| v. | : | No.  16AP-477 |
| | : | |
| Kelly A. Vogt<br>and | : | (REGULAR CALENDAR) |
| Industrial Commission of Ohio, | : | |
| | : | |
| Respondents. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on November 14, 2016

*Michael Soto,* for relator.

*Urban Co., LPA,* and *Patrick E. Parry,* for respondent, Kelly A. Vogt.

*Michael DeWine,* Attorney General, and *Natalie J. Tackett,* for respondent Industrial Commission of Ohio.

IN MANDAMUS

{¶ 23} Relator, Huntington National Bank, has filed this original action requesting this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order which terminated the payment of temporary total disability ("TTD") compensation to respondent, Kelly A. Vogt ("claimant"), effective

16AP-477

September 17, 2015, and ordering the commission to terminate her benefits effective January 5, 2015 instead.

Findings of Fact:

{¶ 24} 1. Claimant sustained a work-related injury on December 22, 2014 while working as a personal banker for relator.

{¶ 25} 2. While in the vault room putting away a cash shipment, claimant stood up and hit the top of her head on one of the vault doors. Claimant sustained a laceration to her head which began bleeding, indicated that she became nauseated, and nearly fainted.

{¶ 26} 3. Claimant presented at the emergency room complaining of headache, nausea, and feeling dazed. The head laceration did not require stitches. A subsequent CT scan was performed and reported as normal. Claimant was released in stable condition and advised to return to work the next day.

{¶ 27} 4. Claimant was evaluated by E. Lee Foster, D.O., who first saw her the next day on December 23, 2014.

{¶ 28} 5. Relator, a self-insured employer, certified the claim for "head laceration," and began paying compensation to claimant beginning December 23, 2014.

{¶ 29} 6. Dr. Foster continued to note that claimant was having headaches, migraines, nausea, vomiting, light-headedness, was off balance, and had trouble focusing, and he opined that she was unable to return to work.

{¶ 30} 7. On January 8, 2015, Dr. Foster completed a C-84 requesting the payment of TTD compensation beginning January 6, 2015 and continuing based upon the head laceration. On the C-84, Dr. Foster indicated that he was also treating claimant for cerebral concussion, occipital neuralgia, cervical sprain, cervical sprain/strain, and post-concussion syndrome.

{¶ 31} 8. On May 5, 2015, claimant filed a C-86 motion asking that her claim be allowed for the following additional conditions: "headache, chronic migraine, headache chronic daily, abnormality of gait, cervical strain."

{¶ 32} 9. Relator continued paying TTD compensation to claimant.

{¶ 33} 10. Claimant was examined by Lisa Kurtz, M.D. In her June 29, 2015 report, Dr. Kurtz considered whether or not claimant's claim should be allowed for the additional conditions, discussed the extent of disability, as well as claimant's request for

further treatment. Dr. Kurtz opined that the then allowed condition of head laceration had reached maximum medical improvement ("MMI"), opined that the additional conditions should not be allowed in claimant's claim, and that no further treatment was warranted.

{¶ 34} 11. Claimant's motion seeking additional allowances was heard before a district hearing officer ("DHO") on September 17, 2015. At that time, claimant withdrew her request to have her claim additionally allowed for headache, chronic migraine, headache chronic daily, and abnormality of gait, and the DHO specifically disallowed the condition of cervical strain.

{¶ 35} The DHO also considered a motion filed by relator seeking to terminate claimant's TTD compensation based on the report of Dr. Kurtz. The DHO found the June 29, 2015 report of Dr. Kurtz to be persuasive, that claimant's condition of head laceration had reached MMI and, thus, terminated her TTD compensation effective the date of the hearing, September 17, 2015. Counsel for relator argued that payments should be terminated effective January 5, 2015, the date of Dr. Foster's office notes which indicated the head laceration had healed. The DHO rejected this argument, stating:

> At the hearing, Counsel for the Self-insuring Employer argued that payments of Temporary Total Disability Compensation benefits should be terminated effective 01/05/2015, the date Dr. Foster's office notes reported a healing of the "scalp laceration" recognized in this claim. Given the fact that the Self-insuring Employer has paid Temporary Total Disability Compensation benefits through the date of hearing, the request made by Counsel is not consistent with the holding in State ex rel. Russell v. Indus. Comm., 82 Ohio St.3d 516, 696 N.E.2d 1069 (1998), which explains the requirements for termination of ongoing payments of Temporary Total Disability Compensation benefits at hearing. What Counsel proposes is a re-examination of the validity of payments of Temporary Total Disability Compensation benefits previously made by his client. Given the fact that no motion requesting the exercise of the Industrial Commission's continuing jurisdiction has been filed to address this decision, the Industrial Commission lacks jurisdiction to address the merits of Counsel's argument.

16AP-477

{¶ 36} 12. Both relator and claimant filed an appeal and the matter was heard before a staff hearing officer ("SHO") on November 5, 2015. Although the SHO vacated the prior DHO order, the SHO specifically disallowed claimant's claim for cervical strain, denied her request for continued treatment, terminated her TTD compensation effective September 17, 2015, and again rejected relator's argument that claimant's TTD compensation should be terminated as of January 5, 2015, stating:

> The Employer's request to terminate temporary total compensation prior to the date of the District Hearing Officer hearing is denied.
>
> The Staff Hearing Officer finds the Injured Worker sustained the industrial injury on 12/22/2014 and the Self-Insuring Employer voluntarily began to pay temporary total compensation benefits in January of 2015. The Self-Insuring Employer continued to pay the ongoing temporary total compensation benefits and filed a Motion on 07/08/2015 requesting termination of ongoing temporary total compensation benefits. The motion was referred to the Industrial Commission on the issue of termination of temporary total disability compensation.
>
> Thus, the Staff Hearing Officer finds the appropriate date of termination of ongoing temporary total compensation benefits is 09/17/2015, the date of the District Hearing Officer hearing. This order is based on R.C. 4123.56, Industrial Commission Resolution R98-1-04, and the decision set forth in *State ex rel. Russell v. Indus. Comm.,* 82 Ohio St.3d 516, 696 N.E.2d 1069 (1998).

{¶ 37} 13. Further appeals by relator and claimant were refused by order of the commission mailed December 1, 2015.

{¶ 38} 14. Thereafter, relator filed the instant mandamus action in this court.

Conclusions of Law:

{¶ 39} For the reasons that follow, it is this magistrate's decision that this court should deny relator's request for a writ of mandamus.

{¶ 40} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act

requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 41} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. Upon that predicate, TTD compensation shall be paid to a claimant until one of four things occurs: (1) claimant has returned to work; (2) claimant's treating physician has made a written statement that claimant is able to return to the former position of employment; (3) when work within the physical capabilities of claimant is made available by the employer or another employer; or (4) claimant has reached MMI. *See* R.C. 4123.56(A); *State ex rel. Ramirez v. Indus. Comm.*, 69 Ohio St.2d 630 (1982).

{¶ 42} Once the payment of TTD compensation has begun and a claimant's entitlement to that compensation has been established, TTD compensation may not be terminated without proper notice and a hearing. In *State ex rel. Russell v. Indus. Comm.*, 82 Ohio St.3d 516 (1998), the Supreme Court of Ohio determined that, the termination date for an award of TTD compensation is the date of the hearing and not the date of a doctor's report opining that a claimant's allowed conditions have reached MMI. The reason for this is simple.

{¶ 43} Claimants present medical evidence that, due to the allowed conditions in their claim, they are unable to return to their former position of employment. Once the commission finds the claimant's evidence to be persuasive, TTD compensation is awarded and paid while the claimant's treating physician continues to submit medical documentation of ongoing disability. Often an employer will have a claimant examined by another physician to determine whether or not the allowed conditions in the claim have reached MMI. If a physician opines that they have, the employer files a motion to terminate the compensation, and the matter is set before the commission for a hearing since there is conflicting medical evidence in the record. At the time of the hearing, should the commission find the evidence that the allowed conditions have reached MMI persuasive, TTD compensation is terminated effective the date of that hearing. Were it otherwise, claimants would find themselves in the untenable position of having to pay

back compensation which they believed they were rightfully entitled to, and which they have been using to pay their own expenses.

{¶ 44} In the present case, relator began paying claimant TTD compensation without an order from the commission ordering such payment. Relator, a self-insured employer, voluntarily paid compensation to claimant without requiring the claimant to file a motion with the commission. This in no way changes the fact that claimant was entitled to the TTD compensation and was being paid that compensation by relator. Claimant's medical evidence of continuing disability was submitted to relator's third-party administrator and benefits continued to be paid. It was not until June 2015 that relator had claimant examined by another physician who found that the allowed condition had reached MMI. Relator cannot use this report or a statement in an office note by relator's treating physician dated January 5, 2015 indicating that her head laceration was healed to change the well-settled law. Inasmuch as there is no allegation of fraud on the part of the claimant, to the extent that relator now wishes it would have paid more attention or had claimant examined before June 2015, the commission did not abuse its discretion by applying the law from *Russell* and terminating claimant's TTD compensation effective September 17, 2015, the date of the hearing before the DHO.

{¶ 45} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion, and this court should deny relator's request for a writ of mandamus.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).